Donald Lloyd WATSON, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Defendant.

Civ. A. No. 91-0396 SSH.

United States District Court, District of Columbia.

Sept. 15, 1992.

Donald Lloyd Watson, pro se.

Asst. U.S. Atty. Sally M. Rider, Office of U.S. Atty., Washington, D.C., for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's motion for summary judgment. After consideration of the motion and plaintiff's opposition and the Motion and Affidavit in Response thereto, the Court grants defendant's motion in part and denies it in part.[1]

### Facts

By letter dated March 29, 1990, plaintiff requested records pursuant to the Freedom of Information Act (FOIA) and the Privacy Act from the Department of Justice (DOJ) and agencies under its supervision. The DOJ referred plaintiff's request to the Executive Office for United States Attorneys (EOUSA); the Drug Enforcement Administration (DEA); the Federal Bureau of Investigation (FBI); and the United States Marshals Service (USMS). Defendant moves for summary judgment on the

---

1. Plaintiff filed the latter pleading following this Court's Order noting the decision by the Court of Appeals in *Neal v. Kelly*, 963 F.2d 453 (D.C.Cir.1992).

ground that it has produced all nonexempt items to plaintiff.

### The FOIA Claim

*Exemption (b)(2)*

■ Both the DEA and the USMS assert exemption (b)(2) to protect internal markings. *See* 5 U.S.C. § 552(b)(2). The DEA has asserted exemption (b)(2) to protect Geographical Drug Enforcement Program (G–DEP) and Informant Identifier codes, and Narcotics and Dangerous Drugs Information System (NADDIS) numbers. These codes and numbers are "internal DEA markings and phrases regarding the treatment of and distribution of DEA documents.... Suspects could easily decode this information and change their patterns of drug activities, so as to evade detection by the Drug Enforcement Administration." Magruder Declaration ¶ 22. The USMS asserts the exemption "to withhold an administrative marking used for internal identification purposes for the security of federal prisoners.... Graham Deposition ¶ 6. In addition, USMS withheld "teletype routing symbols and access codes from teletype correspondence. Disclosure of this information ... could allow unauthorized access to ... data...." *Id.* These types of internal markings clearly are exempt under (b)(2). *See Lesar v. Dep't of Justice,* 636 F.2d 472, 485–86 (D.C.Cir.1980); *Maroscia v. Levi,* 569 F.2d 1000, 1001–02 (7th Cir. 1977); *Struth v. FBI,* 673 F.Supp. 949, 959 (E.D.Wis.1987); *Texas Instruments, Inc. v. Customs Service,* 479 F.Supp. 404, 406–07 (D.D.C.1979).

*Exemption (b)(3)*

■ Next, the EOUSA argues that 31 pages of grand jury information were properly withheld pursuant to exemption (b)(3). Exemption (b)(3) permits nondisclosure of documents

> specifically exempted from disclosure by statute ..., provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for with-

holding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).

Under Rule 6(e)(2) of the Federal Rules of Criminal Procedure,

> an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.

Fed.R.Crim.P. 6(e)(2). This rule satisfies the "statute" requirement of exemption (b)(3). *Fund for Constitutional Gov't v. National Archives & Records Serv.,* 656 F.2d 856, 867 (D.C.Cir.1981). Therefore, the EOUSA may withhold the grand jury transcripts.

*Exemption (b)(5)*

■ The EOUSA also argues that it properly may withhold 89 documents created by DOJ personnel "in anticipation of specific criminal litigation against plaintiff." Wright Declaration at ¶ 15. These include "legal research materials; handwritten notes (i.e. witness telephone numbers and addresses and comments about various witnesses); nondisclosure letters to telephone companies; notice to possible witnesses; a memo to the file regarding a possible witness; and, draft trial subpoenas." *Id.* at ¶ 14. Exemption (b)(5) states that the government can withhold documents such as "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Supreme Court has stated that an attorney's work product falls within the group of materials protected under Exemption 5. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975). The work-product privilege extends to government as well as private attorneys. *See id.* Plaintiff argues that this exemption is inapplicable because the litigation against him has concluded. However, the exemption does not terminate at the close of the litigation for which the material was prepared. *See FTC v. Grolier, Inc.,* 462 U.S. 19, 28, 103 S.Ct. 2209, 2215, 76 L.Ed.2d 387

(1983). Rather, "attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared." *Id.* Therefore, since the documents were prepared in anticipation of specific litigation against plaintiff and are attorney work product, the EOUSA properly withheld the documents.

### Exemption (b)(7)(C)

 Furthermore, the EOUSA, the DEA, the USMS, and the FBI contend that they do not have to reveal the identities of "potential witnesses, innocent third parties, agents, clerical personnel, law enforcement personnel and third parties who are or were under investigation." (Defendant's Motion for Summary Judgment, at 7.) Plaintiff states that he has no interest in these names. Plaintiff's Opposition, at 3. In any event, these names may be withheld under exemption (b)(7)(C). *See* 5 U.S.C. § 552(b)(7)(C).

Exemption (b)(7)(C) requires the Court to balance the privacy interests in nondisclosure against the public interest in disclosure. *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762, 109 S.Ct. 1468, 1475–76, 103 L.Ed.2d 774 (1989). Case law from this and other circuits supports the exclusion of the type of information requested here. *Lesar*, 636 F.2d at 487–88 (exempting identities of agents, informants, and information about victims' family and associates); *Johnson v. Department of Justice*, 739 F.2d 1514, 1518–19 (10th Cir.1984) (exempting identities of FBI agents); *New England Apple Council v. Donovan*, 725 F.2d 139, 142–44 (1st Cir.1984) (exempting identities of Department of Labor Office of Inspector General officials and persons who gave information); *Maroscia*, 569 F.2d at 1002 (exempting identities of third parties, FBI agents, and other law enforcement personnel). Therefore, the information was properly withheld.

### Exemption (b)(7)(D)

 In addition, the EOUSA and the FBI seek to withhold, pursuant to exemption (b)(7)(D), "information which might have reasonably identified any confidential informant(s), and information furnished by such informant(s)." Defendant's Motion for Summary Judgment, at 9; *see* 5 U.S.C. § 552(b)(7)(D). The EOUSA withheld 549 pages of records provided by the North Carolina State Bureau of Investigation, a confidential source. Wright Declaration ¶ 18. The FBI withheld identities of confidential sources as well as information provided by any such sources. Superneau Declaration ¶¶ 16–17.

Plaintiff argues that defendant has failed to show that the sources were given promises of confidentiality. *See* Plaintiff's Opposition, at 4. This argument must fail. In *Dow Jones & Co. v. Department of Justice*, 917 F.2d 571 (D.C.Cir.1990), the Circuit Court stated that:

> "The law of this circuit is that in the absence of evidence to the contrary, promises of confidentiality are inherently implicit when the FBI solicits information." As long as the department can show "that the information was solicited during the course of law enforcement investigations, the FBI raises the presumption that assurances were given" in exchange for the information.... Since the FBI typically promises confidentiality and rarely—if ever—will a source not desire it, only the starkest and most conclusive evidence of non-confidentiality will rebut the presumption.

*Dow Jones*, 917 F.2d at 576–77 (citations omitted) (quoting *Schmerler v. FBI*, 900 F.2d 333, 337 (D.C.Cir.1990)). Therefore, because the information was collected in the course of a law enforcement investigation, it raises the presumption that it was collected under a promise of confidentiality and it is plaintiff's burden to rebut this presumption. Plaintiff has not met this burden. Therefore, both the names of the confidential sources and the information furnished by them can be withheld.

### Exemption (b)(7)(E)

 The FBI further argues that under exemption (b)(7)(E) it can withhold information which might reveal investigation techniques. Superneau Declaration ¶¶ 18–19; *see* 5 U.S.C. § 552(b)(7)(E). Exemption (b)(7)(E) protects law enforcement agencies

from being required to provide information that might help criminals avoid apprehension. *See American Soc'y of Pension Actuaries v. Internal Revenue Serv.*, 746 F.Supp. 188, 190 (D.D.C.1990). Revealing this information could reasonably be expected to compromise the effectiveness of the techniques and hamper law enforcement. Therefore, the FBI can withhold this information.

### Exemption (b)(7)(F)

■ The DEA relies on exemption (b)(7)(F) to withhold the "names and identities of DEA Special Agents, Supervisory Special Agents and other law enforcement officers." Magruder Declaration ¶ 29. Exemption (b)(7)(F) provides for nondisclosure of

> records or information compiled for law enforcement purposes, but only to the extent that the production ... (F) could reasonably be expected to endanger the life or physical safety of any individual.

5 U.S.C. 552(b)(7)(F).

The same information withheld under exemption (b)(7)(C) may be withheld under exemption (b)(7)(F) to protect against risk of personal injury. *Maroscia*, 569 F.2d at 1002. The release of agents' identities could result in harm to the agents. Therefore, this information was properly withheld.

### Privacy Act Claim [2]

■ The Privacy Act allows an agency head to promulgate rules to exempt from disclosure certain systems of records maintained by law enforcement agencies. *See* 5 U.S.C. § 552a(j)(2). If the information requested by plaintiff is maintained within systems for which such a rule has been promulgated and if it falls within § 552a(j)(2), then the agency may properly withhold it.

The records requested from the EOUSA are maintained in the Criminal Case File System (Justice/USA–0007) entitled *United States v. Donald Lloyd Watson*, ST–CR–88–10–6. Wright Declaration at ¶ 9. This file system is exempt from disclosure to the extent the information is exempt pursuant to § 552a(j)(2) of the Privacy Act. *See* 28 C.F.R. § 16.81(a)(4). The information withheld by the EOUSA falls within § 552a(j)(2) and therefore was properly withheld.

The FBI also properly withheld documents under the Privacy Act. The records requested by plaintiff are maintained in the FBI Central Records System. Superneau Declaration ¶ 4. This system is also exempt from disclosure to the extent the information is exempt pursuant to 5 U.S.C. § 552(j). 28 C.F.R. § 16.96(a)(1). As with the information withheld by the EOUSA, the information withheld by the FBI falls within § 552a(j)(2) and was properly withheld.

By contrast, it is unclear from the affidavits provided by the DEA and the USMS in which files the documents withheld are maintained. *See* Magruder Declaration ¶ 19; Graham Affidavit. Therefore, for the Court to determine if the documents are exempt, the DEA and the USMS must file supplemental affidavits indicating in which files the documents are maintained. *See* 28 C.F.R. § 16.98 (exempting certain DEA files from disclosure); 28 C.F.R. § 16.101 (exempting certain USMS files from disclosure).

### Conclusion

For the reasons stated above, the Court finds that the affidavits of the EOUSA, the DEA, the FBI, and the USMS adequately support the conclusion that the records withheld are exempt from disclosure under the FOIA. In addition, the affidavits of the EOUSA and the FBI are sufficient to support the exemption from disclosure under the Privacy Act. However, the DEA and the USMS must provide supplemental affidavits for the Court to determine if their records were properly withheld pursu-

---

**2.** Although plaintiff does not mention the Privacy Act in his complaint, it is mentioned in his initial request letter attached to his complaint and defendant addresses it in the motion for summary judgment. Therefore, as *pro se* litigant's complaints are to be liberally construed, the Court concludes that it must treat the complaint as raising a Privacy Act claim.

ant to the Privacy Act. Accordingly, the Court grants defendant's summary judgment motion in full as to the EOUSA and the FBI. The Court also grants the summary judgment motion as to the FOIA claims against the DEA and the USMS, but denies without prejudice the summary judgment motion as to the Privacy Act claims against the DEA and the USMS.