**Edward J. KUFFEL, Plaintiff,**

v.

**UNITED STATES BUREAU OF PRISONS, et al., Defendants.**

**Civ. A. No. 93–2366 RMU.**

United States District Court, District of Columbia.

April 28, 1995.

---

Edward J. Kuffel, Rochester, MN, pro se.

Margaret M. Earnest, Trial Atty., Tax Div., U.S. Dept. of Justice, Patricia D. Carter, Sherri L. Evans, Asst. U.S. Attys., Civ. Div., Washington, DC, for defendants.

**AMENDED ORDER**

**Granting Defendants' Motions to Dismiss and/or for Summary Judgment**

URBINA, District Judge.

Upon review of this court's Memorandum Order of January 27, 1995 granting the Defendants' Motions to Dismiss or for Summary Judgment, the court, without disturbing the case outcome, amends that order by the issuance of this superceding Memorandum Order.

**Background**

Plaintiff is a *pro se* prisoner who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota. Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Plaintiff requested any and all information pertaining to himself from eleven government agencies. Plaintiff exhausted all administrative appeals under FOIA and filed this action requesting that the Court order the Defendants to release all records they possess which are responsive to

Plaintiff's initial requests, or in the alternative, to provide the Plaintiff with detailed explanations as to why the records are being withheld.[1] Plaintiff also asks the Court to award him $10,000 dollars per Defendant. Plaintiff claims he is entitled to an award of damages because the Defendants violated FOIA by not responding to his requests within the statutory time limits and they wrongfully withheld information from him. Plaintiff also claims that he is entitled to attorney's fees and/or litigation costs.

Defendants filed Motions to Dismiss and/or Motions for Summary Judgment, claiming that Plaintiff is not entitled to the relief he requests either because (1) there is a lack of jurisdiction as the agencies have no records responsive to Plaintiff's requests, or (2) because the agencies were justified in withholding certain records pursuant to exemptions found in FOIA, and therefore, as there is no genuine dispute as to any material fact, they are entitled to judgment as a matter of law.

**Motions to Dismiss**

■ Pursuant to Federal Rule of Civil Procedure 12(b)(1), a dismissal may be granted by the court if there is a lack of subject matter jurisdiction. The Court may go beyond the pleadings and consider affidavits to determine whether subject matter jurisdiction exists. *Air Line Pilots Ass'n v. Northwest Airlines, Inc.*, 444 F.Supp. 1138, 1142 (D.D.C.1978); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Section 552(a)(4)(B) of FOIA grants U.S. district courts exclusive jurisdiction over FOIA cases. In *Kissinger v. Reporters Comm. for Freedom of the Press*,[2] the Supreme Court held that the Plaintiff must establish that an agency has 1) "improperly" 2) "withheld" 3) "agency records" in order for the court to have jurisdiction over a FOIA case. The Plaintiff must show that the agency "contravened all three components of this obli-

gation" in order for jurisdiction to be valid. *Id.* at 150, 100 S.Ct. at 968. In *Forsham v. Harris*,[3] the companion case to *Kissinger*, the Supreme Court held that in order for a record to be an "agency record" within the meaning of FOIA, it must first be created or obtained by that agency in the normal course of business. Agencies are not obligated to create or retain documents merely to satisfy FOIA requests. *Kissinger* at 152, 100 S.Ct. at 969.

■ The affidavits that agencies use to support allegations that they have conducted thorough searches in compliance with FOIA must be relatively detailed, nonconclusory, and submitted in good faith. *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C.Cir.1983). If the affidavits show that the agencies "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested", *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990), and no responsive records were found, the mere speculation by the plaintiff that records exist does not diminish the adequacy of the agency's search in the judgment of the court. *Id.* at 67 n. 13.

■ Therefore, if it can be established through affidavits that no "agency records" responsive to the Plaintiff's requests were found by any of the five agencies after a good faith, reasonable search was conducted, no jurisdiction remains over these claims because the FOIA requirement that "agency records" **exist** to be "improperly" "withheld" cannot be met.

The Court holds that Plaintiff's claims against the five agencies that were not able to find any responsive documents will be dismissed for the reasons stated below.

---

1. The Plaintiff mistakenly cites 552(d)(1) of the FOIA in support of the proposition that the agencies should be required to provide him with detailed information. The subsection states that the agencies must report to *Congress* as to how many documents were withheld and for what reasons. Therefore, under this subsection of FOIA, Plaintiff is not entitled to the relief he requests.

2. 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980).

3. 445 U.S. 169, 182, 100 S.Ct. 977, 985, 63 L.Ed.2d 293 (1980).

### Internal Revenue Service ("IRS")

The IRS alleges that it was not able to find any records responsive to Plaintiff's FOIA request after conducting a reasonable search that could be expected to produce responsive records. It supports its allegation with the affidavit of Mary Lou Oswoski, Disclosure Specialist in the Office of Disclosure in the Chicago District of the IRS where the Plaintiff made his request. The affidavit is reasonably detailed in setting forth how, where, and by whom the search was conducted. It also explains that all files likely to contain responsive records were searched. *Oswoski Aff.* at 2–4.

This Court concludes that the IRS conducted a good faith, reasonable search for the requested information and found no responsive documents. Accordingly, this action is dismissed for lack of jurisdiction.

### Tax Division of the Department of Justice ("DOJ–Tax")

DOJ–Tax alleges that it was not able to find any records responsive to Plaintiff's FOIA request after conducting a reasonable search that could be expected to produce responsive records. It supports its allegation with the affidavit of Pamela J. Martin, a paralegal specialist with the Information & Privacy Unit of DOJ–Tax. The affidavit is reasonably detailed in setting forth how, where, and by whom the search was conducted. It also explains that all files likely to contain responsive records were searched. *Martin Aff.* at 2–3.

This Court concludes that DOJ–Tax conducted a good faith, reasonable search for the requested information and found no responsive documents. Accordingly, this action is dismissed for lack of jurisdiction.

### U.S. Secret Service ("USSS"), Office of the Attorney General ("OAG"), and Criminal Division of the Justice Department ("DOJ–Crim")

■ The three above-mentioned agencies filed a joint motion for summary judgment. It would be improper to grant summary judgment in the claims against these three agencies because the Court does not have jurisdiction over the dispute. *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987).

Therefore, the claims will instead be dismissed for lack of jurisdiction as discussed below.

The U.S. Secret Service alleges that it was not able to find any documents responsive to Plaintiff's FOIA request after conducting a reasonable search that could be expected to produce responsive records. It supports its allegations with the affidavit of Guy P. Caputo, Deputy Director of the Secret Service. The affidavit is reasonably detailed in setting forth how, where, and by whom the search was conducted. It also explains that all files likely to contain responsive records were searched. *Caputo Aff.* at 2–3.

This Court concludes that the USSS conducted a good faith, reasonable search for the requested information and found no responsive documents. Accordingly, this action is dismissed for lack of jurisdiction.

The Office of the Attorney General alleges that it was not able to find any documents responsive to Plaintiff's FOIA request after conducting a reasonable search that could be expected to produce responsive records. It supports its allegations with the affidavit of Margaret Ann Irving, Deputy Director of the Office of Information and Privacy at the Department of Justice. The affidavit is reasonably detailed in setting forth how, where, and by whom the search was conducted. It also explains that all files likely to contain responsive records were searched. *Irving Aff.* at 2–3.

This Court concludes that OAG conducted a good faith, reasonable search for the requested information and found no responsive documents. Accordingly, this action is dismissed for lack of jurisdiction.

The Criminal Division of the Justice Department alleges that it was not able to find any documents responsive to Plaintiff's FOIA request after conducting a reasonable search that could be allegation with the affidavit of Marshall R. Williams, Chief of the Freedom of Information/Privacy Act Unit. The affidavit is reasonably detailed in setting forth how, where, and by whom the search was conducted. It also explains that all files likely to contain responsive records were searched. *Williams Aff.* at 2–3.

This Court concludes that DOJ–Crim conducted a good faith, reasonable search for the requested information and found no responsive documents. Accordingly, this action is dismissed for lack of jurisdiction.

## Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment will be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Windels, Marx, Davies & Ives v. Department of Commerce*, 576 F.Supp. 405, 409 (D.D.C.1983) (applying the same standard for summary judgment in a FOIA case). In deciding whether summary judgment should be granted, the court must construe the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Rule 56(e) of the Federal Rules of Civil Procedure provides, though, that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

■ In the claims against the remaining six agencies, the only dispute between the parties is whether the exemptions were wrongfully applied. Although the Plaintiff does not agree with the application of the exemptions, because he does not put forth any facts to prove that they were wrongfully applied, his disagreement is not considered to be a dispute as to material disagreement is not considered to be a dispute as to material facts that will preclude summary judgment. *Windels*, 576 F.Supp. at 410 (holding that the plaintiff's highly speculative assertion that the agency misperceived the risks involved in releasing material, and therefore, wrongfully applied the exemption was "too incredible to raise a genuine issue of fact so as to preclude summary judgment").

■ Therefore, because there is no genuine dispute as to material facts, it must be decided whether the agencies are entitled to judgment as a matter of law. In order to do so, it must be ascertained whether the agencies were justified in applying the exemptions. The burden is on the agency to show why the materials are exempt through affidavits or other evidence. *Hayden v. National Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C.Cir.1979). The affidavits that the agencies provide (1) must be reasonably specific as to why the information in question falls within an exemption, (2) cannot be conclusory or vague, and (3) cannot show any evidence of agency bad faith. If these factors are met, "substantial weight" is given to the agency affidavits, and summary judgment is then appropriate. *Id.* at 1387; *Windels* at 409.

The Court holds that the motions for summary judgment from the six agencies that withheld information from the Plaintiff pursuant to FOIA exemptions will be granted for the reasons stated below.

### Bureau of Prisons ("BOP")

■ BOP provided Plaintiff all responsive records with the exception of the social security numbers of Plaintiff's prospective visitors in prison. BOP invokes exemption (b)(7)(C) of FOIA to justify the withholding. Exemption (b)(7)(C) protects information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." The court must balance the privacy interests in nondisclosure against the public interest in "shed[ding] light on an agency's performance of its statutory duties." *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762, 773, 109 S.Ct. 1468, 1476, 1481, 103 L.Ed.2d 774 (1989). If the privacy interest outweighs the public's interest, then the agency was justified in withholding the information. Case law supports the exclusion of personal information pertaining to third parties under this exemption. *Watson v. Dep't of Justice*, 799 F.Supp. 193, 196 (D.D.C.1992); *Lesar v. Dep't of Justice*, 636 F.2d 472, 488 (D.C.Cir.1980). The agen-

cy's affidavit is specific as to what information is being withheld and why the privacy interest outweighs the public's interest in this case, it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency. Accordingly, BOP's motion for summary judgment is granted.

### U.S. Marshals Service ("USMS")

USMS provided Plaintiff all requested materials with the exclusion of computer and teletype routing symbols, access codes, computer option commands for recording, amending or retrieving data, and numerical symbols used to identify federal prisoners. USMS invokes exemption (b)(2) of FOIA to justify the exclusion of this information. USMS also withheld the names of law enforcement personnel and the names and numbers of federal prisoners pursuant to exemption (b)(7)(C) of FOIA.

 Exemption (b)(2) exempts from disclosure records "related solely to the internal personnel rules and practices of an agency." To justify the withholding of information under exemption (b)(2), the agency must show that the information is used for "predominantly internal purposes" and that its disclosure would "significantly risk circumvention of federal statutes or regulations." *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1053, 1071, 1073. The case law supports both of these exclusions. *Watson,* 799 F.Supp. at 195 (holding that the exclusion of internal administrative markings and the numbers of federal prisoners was justified); *Lesar,* 636 F.2d at 485–86. The agency's affidavit is specific as to what information is being withheld and why disclosure of this information that is used for internal purposes would "significantly risk circumvention of statutes or regulations", it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency.

 USMS excluded the names of law enforcement personnel and prisoners pursuant to exemption (b)(7)(C). The case law supports the exclusion of this type of information. *Watson* at 196; *Lesar,* 636 F.2d at 487–88; *Maroscia v. Levi,* 569 F.2d 1000,

1002 (7th Cir.1977). The agency's affidavit is specific as to what information is being withheld and why the privacy interest outweighs the public's interest in this case, it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency. Accordingly, USMS's motion for summary judgment is granted.

### United States Parole Commission ("USPC")

 The USPC provided Plaintiff all requested materials with the exclusion of the names and addresses of Plaintiff's victims in his prior offense of weapons violation. USPC invokes exemption (b)(6) to justify the withholding of this information. Exemption (b)(6) is used to withhold personal information, that if disclosed, would constitute a "clearly unwarranted invasion of personal privacy." Case law supports exclusion in cases where the public interest is not great in comparison to the individual's privacy interest. *United States Dep't of Defense Dep't of Military Affairs v. Federal Labor Relations Auth.,* 964 F.2d 26, 29 (D.C.Cir.1992); *See also Reporters Comm.,* 489 U.S. at 775, 109 S.Ct. at 1482 (holding that if the information does not directly reveal the operations or activities of the agency it "falls outside the ambit of the public interest that the FOIA was enacted to serve"). The agency's affidavit is specific as to what information is being withheld and why the victims' privacy interests clearly outweighs the public's interest in disclosure, it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency. Accordingly, USPC's motion for summary judgment is granted.

### The Federal Bureau of Investigation ("FBI")

The FBI did not provide the Plaintiff with the information he requested because of the alleged applicability of exemption (b)(7)(C) and (b)(7)(D) of FOIA to the responsive material. The withheld documents consist of six pages that comprise a burglary-robbery suspects' album that contains pictures and identification records obtained from law enforce-

ment investigations of known armed robbers and burglars. The album also contains the names and titles of non-federal law enforcement officers.

### Exemption 7(C) and (D)

 Under exemption 7(C) and (D) of FOIA the following material may not be disclosed:

"records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation ..., information furnished by a confidential source."

5 U.S.C. § 552(b)(7)(C)–(D) (1988).

As a threshold test to qualify for exemption under subsection 7, the record or information in question must have been compiled for *law enforcement purposes.* The test that was used in the D.C. Circuit to determine if the threshold has been met was enunciated in *Pratt v. Webster.*[4] The two part test was: "(1) whether the agency's investigatory activities that give rise to the documents sought are related to the enforcement of federal laws or to the maintenance of national security; and (2) whether the nexus between the investigation and one of the agency's law enforcement duties is based on information sufficient to support at least a colorable claim of rationality."[5] In 1986, amendments were made to exemption 7. Prior to 1986, the records compiled for law enforcement purposes had to have originated in connection

with a specific investigation. After the amendments, the records could arguably have originated from any activity of the agency as long as they were compiled for law enforcement purposes. Subsequently, in *Keys v. United States Dep't of Justice,* the D.C. Circuit modified the *Pratt* test so that an agency would now have to demonstrate that the nexus "between [its] activity" (rather than investigation) "and its law enforcement duties [are] based on information sufficient to support at least 'a colorable claim' of its rationality."[6]

 In the instant case, the modified *Pratt* test is clearly met. The non-federal law enforcement agency acquired the information at issue through their investigations of various state crimes. (Griffin Decl. ¶ 19). There is an obvious nexus between the local agency's investigations of the state crimes and its law enforcement duty of upholding state robbery and burglary laws. Accordingly, the documents at issue are "records or information compiled for law enforcement purposes."[7]

As the threshold test has been met, the remaining issue is whether the disclosure of the information would constitute an unwarranted invasion of personal privacy and/or would reveal the identity of a confidential source.

### Unwarranted Invasion of Personal Privacy

 The FBI claims that exemption 7(C) justifies the withholding of the names and titles of non-federal law enforcement officers contained in the albums. To meet exemption 7(C), the agency must first establish that a privacy interest exists, and if so, that interest must be balanced against the public interest of "shed[ing] light on the agency's performance of its statutory duties."[8] The FBI claims that disclosure of the non-federal law enforcement officers'

---

**4.** 673 F.2d 408 (D.C.Cir.1982).

**5.** *Id.* at 420–21.

**6.** 830 F.2d 337, 340 (D.C.Cir.1987).

**7.** *Keys,* 830 F.2d at 342 (holding that "local police reports themselves are 'records or information compiled for law enforcement purposes' ...

[that] falls squarely within the language of the exemption 7 threshold regardless of the FBI's motive in collecting them").

**8.** *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989).

identities might subject them to unofficial inquiries not anticipated in connection with their assistance to the FBI, as well as potential harassment that would result in an unwarranted invasion of privacy. (Griffin Decl. ¶ 15) The public interest component in this case is weak in comparison because disclosure of the identities would not shed light on the FBI's performance of its statutory duties, which in this case is the FBI's investigation of possible violations of federal laws. Therefore, the non-federal law enforcement officers' names were properly withheld.[9]

### Confidential Source

[20] The FBI claims that exemption 7(D) justifies the withholding of the names of, and information supplied by, the non-federal law enforcement agency. The FBI claims that the information was provided under a clear understanding that the information would not be disclosed by the FBI. (Griffin Decl. ¶ 19). The Supreme Court in *United States Dep't of Justice v. Landano* described the method for determining the status of a document as confidential.[10] The Court stated that under exemption 7(D), "the question is not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." [11] If the agency made an explicit promise of confidentiality, then the name of the informant may be withheld under exemption 7(D).[12] The problem arises when there is the question of an implied grant of confidentiality. In *Landano*, the Court held that an implied grant of confidentiality can be inferred when 1) the character of the crime at issue, and 2) the source's relation to the crime, are such that the source would not have given the information

to the agency without believing that it would be kept confidential.[13]

▇ In the instant case, there was an ongoing understanding between the local law enforcement agencies and the FBI that information obtained from a criminal investigation conducted by the local agency and shared with the FBI would remain confidential. (Griffin Decl. ¶ 19). That alone could support the conclusion that there was an explicit grant of confidentiality in this case. The argument could be made, however, that because the FBI cannot document an actual grant of confidentiality in this specific instance, then at most, there was an implied grant of confidentiality. Even so, the facts also support an implied grant of confidentiality under the *Landano* test. The crimes at issue are burglary and robbery, and the sources of the information are the local law enforcement agents that investigated these crimes. It could reasonably be concluded that if the local law enforcement agents knew that the FBI would release their names and the information they divulged, they would not have shared the information for fear of retribution from the alleged criminals, or because the local agents would lose *their* confidential sources due to the sources' own fears of retribution, which would impede the local agency's investigatory activities. Therefore, the names of the local law enforcement agents were properly withheld.

▇ The FBI also claims that the information submitted by the local law enforcement agency was properly withheld under 7(D) because the second clause of 7(D) provides for withholding of the information provided by a confidential source, if the information was "compiled by criminal law enforcement authority in the course of a criminal investigation." [14] In *Shaw v. FBI*, the D.C.

---

**9.** *Lesar v. United States Dep't of Justice,* 636 F.2d 472 (D.C.Cir.1980) (withholding identities of law enforcement personnel); *Nix v. United States,* 572 F.2d 998 (4th Cir.1978) (same).

**10.** —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993).

**11.** *Id.* at ——, 113 S.Ct. at 2019.

**12.** *Birch v. United States Postal Serv.,* 803 F.2d 1206, 1212 (D.C.Cir.1986); *McDonnell v. United States,* 4 F.3d 1227, 1258 (3d Cir.1993).

**13.** *Landano,* —— U.S. at ——, 113 S.Ct. at 2023 (pointing to five lower court rulings that relied on the potential for harm to the confidential source to justify withholding as examples of decisions in which the two above listed factors were properly applied).

**14.** 5 U.S.C. § 552(b)(7)(D) (1988).

Circuit stated that a modified *Pratt* test applies to the second clause of 7(D) to determine whether the investigation in question meets exemption 7(D).[15] The test, as stated in *Shaw*, is as follows:

> [T]he agency must "identify [1] a particular individual or a particular incident as the object of its investigation and [2] the connection between that individual or incident and a possible security risk or violation of federal law."

*Id.* at 63.

As the 1986 Amendments did not remove the word "investigation" from the second clause of exemption 7(D), *Keys* also applied the *Pratt* test and stated that the qualifying law enforcement investigation must be of a criminal nature to meet the second clause of exemption 7(D).[16] The *Keys* case defined investigation as "the gathering of information focused on 'a particular individual or a particular incident as the object'."[17]

In the instant case, the FBI, a criminal law enforcement authority, conducted a qualifying criminal investigation under the *Shaw* test. The FBI was gathering information on criminals who violated specific state crimes for the purpose of using the information as possible leads in investigations of robberies and burglaries that could be in violation of federal law. Therefore, the documents in question are comprised of information "compiled by criminal law enforcement authority in the course of a criminal investigation."

Based on the discussion above, the court holds that the names of the non-federal law enforcement agents were properly withheld under both exemption 7(C) and (D). The information given to the FBI by the non-federal law enforcement agents was properly withheld under exemption 7(D).

### The Bureau of Alcohol, Tobacco, and Firearms ("ATF")

■ ATF provided the Plaintiff all requested materials with the exception of the identities of ATF agents, ATF personnel, other federal law enforcement personnel, informants, and third persons that were included in the criminal case file compiled on the Plaintiff for law enforcement purposes. ATF justifies the withholding of this information through exemption (b)(7)(C). Case law supports these types of exclusions. *Watson* at 196; *Lesar* at 487–88; *Maroscia* at 1002. The agency's affidavit is specific as to what information is being withheld and why the privacy interests clearly outweigh the public's interest, it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency. Accordingly, the ATF's motion for summary judgment is granted.

### Executive Office for U.S. Attorneys ("EOUSA")

■ EOUSA withheld all of the records responsive to Plaintiff's request based on exemption (b)(7)(A) of FOIA that provides that investigatory records compiled for law enforcement purposes may be withheld if the disclosure would "interfere with enforcement proceedings." The documents withheld comprise an entire case file that pertains to a criminal prosecution against the Plaintiff that is still pending in U.S. District Court for the Northern District of Illinois and the District of Minnesota. In *Crooker v. Bureau of Alcohol, Tobacco & Firearms,*[18] the court stated that if the government can establish a distinct harm resulting from disclosure, the application of exemption (b)(7)(A) is justified. The harm does not have to be established on a document by document basis. *Reporters Comm.,* 489 U.S. at 776–77, 109 S.Ct. at 1483. The agency's affidavit is specific as to what information is being withheld and the distinct harm that could result from its disclosure, it is not conclusory or vague, and there is no evidence anywhere in the record of bad faith on the part of the agency. Accordingly, EOUSA's motion for summary judgment is granted.

### Plaintiff's Claim for Damages and/or Fees

Section 552(a)(6)(A)(i) of FOIA states that all agencies are required to respond to a

---

**15.** 749 F.2d 58, 63 (D.C.Cir.1984).

**16.** 830 F.2d 337 (D.C.Cir.1987).

**17.** 830 F.2d at 344 (quoting *Pratt,* 673 F.2d at 420).

**18.** 789 F.2d 64, 65–67 (D.C.Cir.1986).

request for information within ten working days of receipt of the request.[19] There exists an exception in 552(a)(6)(B) and (C) providing that if the agency can show that exceptional circumstances exist and that it is exercising due diligence in responding to the request, the time limits may be extended. The courts have interpreted this provision as excusing any delays encountered in responding to a request as long as the agencies are making a good faith effort and exercising due diligence in processing the requests on a first-in first-out basis. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C.Cir.1976); *Hayden v. Dep't of Justice*, 413 F.Supp. 1285 (D.D.C.1976); *Cleaver v. Kelley*, 415 F.Supp. 174 (D.D.C. 1976). Exceptional circumstances exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, [and] when the existing resources are inadequate to deal with the volume of such requests within the time limits" of FOIA. *Open America* at 616.

■ The Plaintiff and Defendants agree as to the dates when correspondence was sent and received by the respective parties. The agencies have provided evidence in their affidavits that Plaintiff's requests were processed on a first-in, first-out basis in good faith and with due diligence.[20] Therefore, any delay by the agencies in not processing the requests within the statutory time limit is excused by the standards enunciated in *Open America.*

Plaintiff also claims that he is entitled to damages in the amount of $10,000 per agency.[21] Plaintiff is not entitled to the award of $10,000 per agency because the delay by the agencies was not excessive under the *Open America* standard, the agencies did not wrongfully withhold information from the Plaintiff, and FOIA does not provide for the award of damages to a requester. *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993).

■ Under FOIA, to be eligible for litigation costs and attorney's fees, section 552(a)(4)(E) states that the parties must "substantially prevail". The filing of a lawsuit that results in the release of records does not mean that the Plaintiff has substantially prevailed. *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C.Cir.1984). A plaintiff will not be eligible for an award of fees if the release of documents was independent of the lawsuit, or where it was due to routine administrative processing. *Id.* at 1496-97. Through their affidavits, the Defendants have shown that the release of records was due to routine administrative processing that was done in good faith and with due diligence.[22] Therefore, Plaintiff is not entitled to the award of fees or costs in connection to this suit.

**19.** The Plaintiff mistakenly cited 552(d)(A)(B)(ii) as the provision providing for the statutory time limit. This section does not exist in FOIA, although 552a(d)(A)(B)(ii) in the Privacy Act does set out the statutory time limits that apply to requests for amendments to be made to individual records. Because the Plaintiff did not make his initial requests to the agencies under the Privacy Act, and in his pleadings he is not claiming that the agencies are in violation of the Privacy Act, the Privacy Act provisions the Plaintiff cites in support of his propositions will be disregarded.

**20.** The only possible exception to this is the handling of Plaintiff's request by the Office of the Attorney General. OAG claims in an affidavit that their first notice of Plaintiff's request was through the Complaint he filed in this court. OAG processed his request the same day they received notice, and they informed the Plaintiff the next day that they had not found any records responsive to his request. Their excuse for not processing his requests earlier is that they never received his initial requests or appeals because of "administrative error". *Irving Aff.* para. 4. The affidavit indicates that they processed the request

with due diligence and in good faith *as soon as they received it*, and therefore, their delay is excused by the standards enunciated in *Open America.*

**21.** In support of this he again mistakenly cites 552(g)(1)(D) that does not exist in FOIA. 552a(g)(1)(D) in the Privacy Act establishes the basis for jurisdiction in District Court. The Plaintiff probably meant to cite to 552a(g)(4)(A) which provides for an award of damages to the plaintiff at the court's discretion. For the reasons stated in footnote 6, his complaint under the provisions of the Privacy Act will be disregarded.

**22.** An exception to this could be the situation with OAG as discussed in footnote 7. Although OAG processed the Plaintiff's request as a result of the lawsuit, he did not "substantially prevail" because no responsive records were found, and therefore, none were released. Also, the fact that the Plaintiff is suing eleven agencies means that to substantially prevail in this lawsuit, Plaintiff would have to prove that more than one agency responded to his requests solely as a result of this lawsuit.

Accordingly, it is this 28th day of April, 1995,

**ORDERED** that Defendants' Motions to Dismiss and Motions for Summary Judgment be, and are hereby **Granted;** the Plaintiff's action is **Dismissed.**

**SO ORDERED.**