# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2173

_____

| | | |
|---|---|---|
| Beryle L. Johnston, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| United States Department of Justice, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: July 6, 1998

Filed: August 10, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Beryle L. Johnston appeals the district court's[1] judgment for the United States Department of Justice (DOJ) following a bench trial in this action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (Privacy Act), 5 U.S.C. § 552a.

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

We review the district court's factual findings for clear error and its legal conclusions de novo. See Cooper Tire & Rubber Co. v. St. Paul Fire and Marine Ins. Co., 48 F.3d 365, 369 (8th Cir.) (standard of review), cert. denied, 516 U.S. 913 (1995).

Johnston sought to compel disclosure of Drug Enforcement Administration (DEA) records related to third parties. We conclude these documents could be withheld from disclosure pursuant to section 552(b)(7)(C), which exempts records from disclosure when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." As the Supreme Court has recognized, "as a categorical matter . . . a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy," and if the request seeks no information about the agency--as Johnston's did not--the invasion of privacy is "unwarranted" under exemption (b)(7)(C). See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989).

With respect to the DEA's response to Johnston's request for records relating to him, we conclude the district court did not clearly err in concluding the DEA conducted an adequate search. See Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (agency's FOIA search will be deemed adequate where it demonstrates beyond material doubt that it has conducted search reasonably calculated to uncover all relevant documents). Likewise, the district court did not err in determining that the DEA provided all responsive, non-exempt, agency records in its custody or control. See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989) (to qualify as "agency record" under FOIA, "agency must 'either create or obtain' the requested materials," and "agency must be in control of [them] at the time the FOIA request is made"). We agree the DEA could properly redact or withhold information related to the identity of special agents, DEA personnel, local law enforcement personnel, and other third parties, pursuant to exemptions (b)(7)(C) and (b)(7)(F). See Jones v. FBI, 41 F.3d 238, 246-47 (6th Cir. 1994) ("fact that an agent decided or was

required to testify . . . does not give plaintiff a right under FOIA to documents revealing the fact and nature of [agent's] employment"); Watson v. United States Dep't of Justice, 799 F. Supp. 193, 197 (D.D.C. 1992) (names of DEA special agents and other law enforcement authorities within ambit of (b)(7)(F)).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-