# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES R. SHORT,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2260 (RMC) |
| | ) | |
| **UNITED STATES ARMY CORPS OF** | ) | |
| **ENGINEERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

James R. Short sought records from the U.S. Army Corps of Engineers (the "Army Corps" or "Corps") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Army Corps released documents to Mr. Short, and on January 9, 2009, the Court granted summary judgment in favor of the Corps. Mr. Short now seeks attorney fees and costs in the amount of $158,444.00, claiming that he "substantially prevailed" in the litigation. The Corps opposes. As explained below, Mr. Short's request for fees will be denied.

## I. FACTS[1]

Mr. Short's FOIA request arose from his frustration in attempting to change a wetlands designation on property he sought to develop. Mr. Short is a real estate developer who is involved in developing Ocean Pines, a residential community in Worcester County, Maryland. In

---

[1] The facts are summarized here. For more details, see the Court's January 9, 2009 Memorandum Opinion [Dkt. # 26].

1994, Ocean-Pines LLC - Balfour Holdings, Inc, applied for a permit to develop various sections of Ocean Pines, including Section 15B. As part of the permit process, a conservation easement was placed on Section 15B and a Jurisdictional Determination[2] was issued for this Section. In 2002, Mr. Short filed an application with the Army Corps for a Jurisdictional Determination that certain features in Section 15B, including Lot 64, were not wetlands. Because the Corps failed to act on his application and he allegedly was unable to obtain information regarding the processing of the application, on January 16, 2007, Mr. Short submitted a FOIA request for documents related to Lot 64 in Section 15B as follows:

> RE: JD Determination — Tracking No. 20036062
>
> Dear Mr. Fraer:
>
> Thank you for speaking with me today. As discussed, this is a request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended.
>
> My firm represents Mr. James R. Short in connection with his joint application for a jurisdictional determination on a parcel of property located in Worchester [sic] County, Maryland. The JD application was first submitted to the U.S. Army Corps of Engineers by the Maryland Department of Environment on or about October 11, 2002. The JD application concerns a parcel located in Ocean Pines Section 15B, Lot 64, Tax Map 21, Parcel 68 (the "Parcel").[3]
>
> We hereby request that you provide us with copies of all documents in the possession, custody or control of the Corps with respect to the Parcel, including but not limited to any and all wetlands delineations,

_____

[2] A Jurisdictional Determination is a "written Corps determination that a wetland and/or water body is subject to regulatory jurisdiction under Section 404 of the Clean Water Act." 33 C.F.R. § 331.2. Section 404 is codified at 33 U.S.C. § 1344.

[3] While the letter referred to "James R. Short" and property in "Worchester County," the Corps interpreted the request for documents as referring to Robert J. Short, the Jurisdictional Determination applicant, and to his interest in property in Worcester County.

conservation easements, correspondence generated by the Corps in response to the JD application, and any internal memorandum or other documents generated by the Corp in connection with the JD application.

Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot."), Ex. A ("Fraer Decl."), Ex. 2.

On February 1, 2007, Michael Fraer, the FOIA coordinator for the Corps' Baltimore District Regulatory Branch, wrote to Mr. Short indicating that a preliminary determination had been made to grant Mr. Short's FOIA request and Mr. Fraer forwarded the request to the Baltimore Branch. Fraer Decl., Ex. 2 & 3. The Baltimore Branch has custody and control over all regulatory permit matters for the State of Maryland, where Lot 64 is located, and thus the Baltimore Branch is the only location where the requested records could be located. *Id*. ¶ 9; Def.'s Statement of Material Facts Not in Dispute ¶ 3. The request was misplaced for some time, but the Corps was reminded when Mr. Short filed this lawsuit on December 17, 2007.[4] Def.'s Mot., Ex. B ("Gaffney-Smith Decl.") ¶ 3. The Corps then conducted its search and on January 4, 2008, released 438 pages of documents and 19 oversize drawings, without redaction. The Corps did not withhold any documents. *Id*. ¶¶ 7-8.

Mr. Short, through counsel, contacted the Corps charging that the Corps failed to produce certain documents. Pl.'s Facts, Ex. 13.[5] In response, the Corps informed Mr. Short that all

---

[4] In March and April of 2007 there were email exchanges between Mr. Fraer and Mr. Short's counsel wherein the Corps reiterated its decision to provide the requested records. Compl., Ex. 9. There was no communication between Mr. Short or his counsel and the Corps regarding the requested records between April 2007 and January 2008.

[5] On January 18, 2008, Mr. Short's attorney wrote a letter to the Army Corps listing six categories of records that had not been provided:

      1.      Permit application for Permit No. CENAB-OP-RS(SECTION 15B) 94-67271-1;

records possessed by the agency responsive to his request had been provided.  Def.'s Reply to Mot. for Summ. J., Ex. 1, Lorenz Decl. ¶¶ 15 & 16.

This Court found that the Corps' search was reasonable and adequate.  Mem. Op. [Dkt. # 26] at 8 (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).  The Court denied Mr. Short's motion for summary judgment and granted summary judgment in favor of the Corps.  Mr. Short now seeks attorney fees and costs in the amount of $158,444.00.

## II.  ANALYSIS

Prior to a change in the law effective December 31, 2007, in order for a plaintiff in a FOIA action to become eligible for attorney fees, he must have been awarded some relief by a court, either in a judgment on the merits or in a court ordered consent decree.  *Oil, Chem. & Atomic*

---

2.   Permit application for Permit No. CENAB-OP-RS(OCEAN PINES L.L.C. - BALFOUR HOLDINGS INC.) 94-65634-1;

3.   All easements and/or covenants concerning tidal and/or non-tidal wetlands that were accepted by the Corps on October 12, 1995 - as identified at paragraph 13 of permit no. CENAB-OP-RS(SECTION 15B) 94-67271-1;

4.   All exhibits designated as Exhibit "H" of the November 2, 1995 Declaration and Agreement of Easement between Ocean Pines, L.L.C. and Ocean Pines Association (the "Easement");

5.   State of Maryland Nontidal Wetlands and Waterways Permit No. 199465634 identified at paragraph 3 of the Easement;

6.   All wetland delineation reports, including but not limited to all figures, aerial photographs, maps, soil and plant surveys and field notes used in preparation of Exhibit G – Section 15B Boundary Survey and Wetlands Location dated October 1993 and prepared by Atlantic Consulting.

Pl.'s Facts, Ex. 13.

*Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 457-58 (D.C. Cir. 2002). Under this standard, Mr. Short is not entitled to attorney fees because he did not obtain relief via a court judgment or consent decree. Mr. Short does not contest this. Instead, he argues that he is entitled to fees under newly amended FOIA law.

Congress amended the attorney fee provisions in FOIA effective December 31, 2007, pursuant to the Openness Promotes Effectiveness in our National Government Act of 2007 (the "OPEN Government Act" or the "Act"). Pub. L. 110-175, 121 Stat. 2424 (2007). Under the new Act, a FOIA requester may be deemed to have substantially prevailed (and thus may be entitled to attorney fees) under the "catalyst" theory, *i.e.*, if his lawsuit resulted in a voluntary or unilateral change in position by the agency and if his claim is not insubstantial. OPEN Government Act § 4 (amending 5 U.S.C. § 552(a)(4)(E)).[6] To show that he has substantially prevailed and is eligible for attorney fees, a FOIA plaintiff must "prove that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between the action and the agency's surrender of that information." *Judicial Watch Inc. v. Bureau of Land Mgmt.*, 562 F.

---

[6] FOIA § 552(a)(4)(E) now reads:

(i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

(ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either –

(I) a judicial order, or an enforceable written agreement or consent decree; or

(II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

Supp. 2d 159, 173 (D.D.C. 2008). The causation requirement is missing when disclosure results not from the suit but from delayed administrative processing. *See, e.g., Weisberg v. Dep't of Justice*, 848 F.2d 1265, 1268-71 (D.C. Cir. 1988), *overruled on other grounds King v. Palmer*, 950 F.2d 771, 780 (D.C. Cir. 1991); *Kuffel v. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995).

Case law in this District is split as to the retroactivity of the OPEN Government Act amendments. *Compare Judicial Watch*, 562 F. Supp. 2d at 166-69 (pursuant to legislative history, finding that the amendments are retroactive) *with N.Y.C. Apparel F.Z.E. v. Customs & Border Prot. Bureau*, 563 F. Supp. 2d 217, 226-27 (D.D.C. 2008) (pursuant to statutory interpretation and because there is a presumption against retroactivity, holding that the amendments are not retroactive). The issue is on appeal, but the D.C. Circuit has not yet ruled. *See Summers v. Dep't of Justice*, No. 07-5315 (D.C. Cir.) (oral argument held November 10, 2008).

Mr. Short contends that either the Act applies retroactively or it applies to his claim because the Corps' actions triggering an attorney fee award (the search for documents) took place in January of 2008 after the Act became effective. Thus, Mr. Short argues that he is entitled to fees under the OPEN Government Act amendments.

The Court need not decide the issue of retroactivity or whether the triggering agency acts occurred before or after the amendment took effect. Even if the OPEN Government Act amendments apply to Mr. Short's claim, he is not entitled to attorney fees because he did not cause a voluntary or unilateral "change in position" by filing his lawsuit. 5 U.S.C. § 552(a)(4)(E). Mr. Fraer, the FOIA coordinator for the Corps' Baltimore District Regulatory Branch, wrote to Mr. Short on February 1, 2007, indicating that a determination had been made to grant Mr. Short's FOIA request. Thus, because the Corps had already decided to release the requested records prior to Mr.

Short's filing of this lawsuit, the suit was not the cause of the disclosure. Although the request was misplaced, when Mr. Short filed this lawsuit on December 17, 2007, the Corps promptly conducted its search. On January 4, 2008, the Corps released documents and drawings without redaction and without withholding anything. Under these circumstances, Mr. Short's suit cannot be said to have prevailed because he did not cause the Corps to "change its position" under the OPEN Government Act amendments. He is not entitled to fees and costs.

Even if Mr. Short could be said to have prevailed, an award of fees is discretionary. *See* 5 U.S.C. § 552(a)(4)(E) (a court *may* assess reasonable attorney fees where the complainant has substantially prevailed). In considering whether to award fees, courts consider the following equitable factors:

(1) the public benefit derived from the case;

(2) the commercial benefit to the claimant;

(3) the nature of the complainant's interest in the records sought; and

(4) whether the government's withholding had a reasonable basis in law.

*See Burka v. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995). If a plaintiff's victory "is likely to add to the fund of information that citizens may use in making vital political choices," such a public benefit weighs in favor of granting the plaintiff attorney fees. *Cotton*, 63 F.3d at 1120. However, "[w]hen a litigant seeks disclosure for a commercial benefit or other personal reasons, an award of fees is usually inappropriate." *Id*. The fourth factor, whether the government's withholding was reasonable, is not at issue in this case as the government did not withhold any documents.

Mr. Short's request for documents regarding Lot 64 was for his own commercial benefit — so that he could discern the Corps' progress on his request for a revised Jurisdictional Determination regarding Lot 64. He has not shown that the request in any way "added to the fund of information" that citizens use in making political choices.[7] *See id.* Even if Mr. Short were deemed to have substantially prevailed in this action, his request for fees and costs would be denied because the equitable factors weigh against such an award.

### III. CONCLUSION

For the foregoing reasons, the motion for attorney fees filed by Mr. Short [Dkt. # 24] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: May 13, 2009 _____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[7] Mr. Short contends that he seeks a Jurisdictional Determination, that he can then decide whether to develop Lot 64 or to set it aside for conservation purposes, and that both development and conservation serve a public purpose. Reply at 5-6. The problem with this argument is that it is based on the faulty premise that Mr. Short could somehow obtain a Jurisdictional Determination via a FOIA request. Mr. Short further claims that it is in the public interest to see how the Corps determines the scope of its jurisdiction. *Id*. at 7. But Mr. Short only requested documents related to Lot 64, and any Corps determination regarding that specific property would not reflect the Corps' decision-making process more generally.