Anthony SUMMERS, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

Civ. A. No. 88–2771.

United States District Court,
District of Columbia.

Sept. 27, 1989.

James H. Lesar, Washington, D.C., for plaintiff.

Maria Utgoff Braswell, U.S. Dept. of Justice Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a Freedom of Information Act case ("FOIA"). Summers, an author, seeks information from the FBI concerning 28 prominent individuals who are now deceased. The FBI has invoked *Open America v. Watergate Special Prosecution Forces*, 547 F.2d 605 (D.C.Cir.1976), requesting a stay of further proceedings until July 19, 1991 in response to Summers' demands for preferential treatment of his requests. Summers asks that his requests be expedited, ignoring the "first in/first out" policy sustained in *Open America*. In addition, Summers demands a piecemeal *Vaughn v. Rosen* index for documents processed to date and claims he is entitled to a waiver of search fee without awaiting the Bureau's determination based on its further inquiry into the status of the requested papers.

Summers claims he is a public benefactor because he is writing a biography of J. Edgar Hoover. His publisher has set a deadline for the manuscript which Summers apparently cannot meet without the documents he seeks.

The stay must be granted and all requests of Summers denied. The FBI has an increasing FOIA backlog due to lack of funds. Summers has not shown his unpublished, unwritten biography will be of any public consequence, a commercial publisher cannot set FOIA deadlines, there is no factual showing that the FBI is departing from standard practice in processing the requests or attempting to avoid prompt disclosure. In short, no basis for granting Summers preferential treatment in any respect has been shown. Summers' ingenious counsel suggests that it is a waste of time to process prisoner requests and those he believes seek only to satisfy idle curiosity. Congress has made no such determination and surely Summers is not qualified to make judgments as to the motives of other FOIA requestors. The Court must also note that Summers has made sweeping, undifferentiated requests giving no precise indication of what he really seeks. Requestors making less burdensome requests receive more expedited assistance. Summers must stand in line and await his turn. This is what *Open America* dictates. An appropriate Order is attached.

## ORDER

For reasons stated in the Court's Memorandum filed this day, it is hereby

ORDERED that defendant United States Department of Justice's second motion for a stay must be and hereby is granted and the proceedings herein are stayed under

*Open America v. Watergate Special Prosecution Forces,* 547 F.2d 605 (D.C.Cir. 1976), subject to further Order of the Court; and it is further

ORDERED that on or before March 16, 1990, defendant shall filed with the Clerk of Court and serve on plaintiff's counsel a statement of the status of the processing of plaintiff's requests which are the subject of this action; and it is further

ORDERED that plaintiff's motion for prompt release of nonexempt records and expedited *Vaughn v. Rosen* index and plaintiff's motion for a fee waiver are each denied.