Anthony **SUMMERS**, Plaintiff,

v.

**U.S. DEPARTMENT OF
JUSTICE**, Defendant.

Civ. A. No. 89–3300.

United States District Court,
District of Columbia.

March 2, 1990.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

James H. Lesar, Washington, D.C., for plaintiff.

## ORDER

REVERCOMB, District Judge.

This is an action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 522, as amended, in which plaintiff-author Tony Summers seeks access to more than 17,000 pages of former FBI Director J. Edgar Hoover's daily logs and appointment calendars as material to be used in a book about the Former Director. The FBI has invoked *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.1976), requesting a stay of further proceedings in response to Summers' demand that his requests be expedited. Plaintiff claims that there is good cause to expedite his requests because as an author he is a public benefactor [1] who is currently facing a publishing deadline. see 28 U.S.C. § 1657(a). In addition, plaintiff seeks to depose of various individuals within the FBI in order to challenge the *Open America* request.

The stay must be granted and all discovery requests denied.

■ A district court can stay the time in which an agency must process documents requested pursuant to FOIA if

"an agency ... is deluged with a volume of requests for information vastly in excess of that anticipated by congress,

---

**1.** Plaintiff also points to the fact that the FBI granted him a special fee waiver as somehow proving that his request has more public benefit than the other requestors.

when the existing resources are inadequate to deal with the volume of such requests within the time limits of [5 U.S.C. § 552(a)(6)(A)], and when the agency can show that it "is exercising due diligence' in processing the requests." *Open America, supra,* 547 F.2d at 617.

Such is the case before this Court. The declaration of Angus B. Llewellyn, the Special Agent who supervises FBI FOIA requests, states that "for the calendar year 1988, the FBI Headquarters alone received 16,518 FOIA and Privacy Act requests, and expended over fourteen million dollars on the program ... Nearly five thousand requests, involving an estimated 2.7 million pages, were assigned to [a total of 116 Miscellaneous Documents Examiners] as of November 1989." The agency processes all requests according to its "first in/first out" policy as sustained in *Open America.* Plaintiff's request is now eighth in line to be processed [2]—seven requests came in before plaintiff's and one request is being processed in response to a Court order. There is no factual showing (or even general allegations) that the FBI is departing from its standard practice in processing the requests or attempting to avoid prompt disclosure.[3] Requiring the FBI to submit regular Status Reports will insure that the agency continues to process plaintiff's requests with due diligence even while a stay is in effect.

 Furthermore, plaintiff has made no showing that there is an exceptional need or urgency in processing his FOIA requests. see *Open America, supra,* 547 F.2d at 615–616. Plaintiff can point to no instances where a court has determined that an impending publishing deadline created the urgency required for expedited

treatment.[4] This Court has already found that publishing deadlines do *not* necessitate expedited treatment. *Anthony Summers v. United States Department of Justice,* 729 F.Supp. 1379 (D.D.C.1989); *Tom Mangold v. Central Intelligence Agency,* Civil Action No. 1989, Order dated 5–3–89. In fact, this Court has already rejected Mr. Summers' request for special treatment in a related action. *Anthony Summers v. United States Department of Justice, supra.* "[A] commercial publisher cannot set FOIA deadlines ... and Summers is not qualified to make judgments as to the motives of other FOIA requestors." The Court sees no reason to depart from these other rulings.

For the above-stated reasons, Plaintiff's Motion for Order Setting Schedule for Production of Documents and Request for Expedited Consideration is DENIED. Defendant's Motion for Protective Order is GRANTED. All discovery herein is stayed, including without limitation plaintiff's proposed depositions and request for production of documents. FURTHER ORDERED THAT the Defendant regularly submit Status Reports to this Court regarding the progress of processing plaintiff's request every 60 days.

---

**2.** It was originally thought that plaintiff's request was Number 33 in line, however, the FBI discovered that plaintiff had not been given credit for the time during which his fee waiver was pending. The FBI has recalculated the position of plaintiff's request.

**3.** Plaintiff asserts that he needs discovery as to this matter, but has been unable to articulate what he anticipates the requested discovery will show, other than evidence that the other seven requestors do not have a publishing deadline or

a fee waiver. As discussed below, plaintiff's publishing deadline does not affect the FBI's need for a stay.

**4.** In oral argument, the parties could point to only two instances where "urgency" was found —one, where the requestor needed the information for the appeal of his death penalty sentence; and, two, where the requestor needed the information to avoid deportation (*Mayock v. I.N.S.,* 714 F.Supp. 1558 (N.D.Cal.1989)).