**Jean Francois LISEE, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, et al., Defendants.**

**Civ. A. No. 89–1266–GHR.**

United States District Court,
District of Columbia.

Aug. 6, 1990.

James H. Lesar, Washington, D.C., for plaintiff.

Charles F. Flynn, Asst. U.S. Atty., Washington, D.C., for defendants.

ORDER

REVERCOMB, District Judge.

Plaintiff is an author who filed the instant lawsuit to obtain information pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., for a book entitled *In the Eye of the Eagle* which will document how the United States government analyzed and reacted to the Quebec separatist movement from the early 1960s to the May 1980 referendum in which the Quebec electorate rejected the separatist option. The plaintiff has sought information from seven United States government agencies: Central Intelligence Agency ("CIA"), Defense Intelligence Agency ("DIA"), Department of the Army ("Army"), Federal Bureau of Investigation ("FBI"), National Security Agency ("NSA"), National Security Council ("NSC"), and Department of State ("State").

This matter is before the Court pursuant to the motion of plaintiff for orders directing several defendants to file *Vaughn* indices and the motion of defendants FBI and NSC for a stay of proceedings.

I. *Motion for a Stay of Proceedings*

The FBI and NSC have invoked 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Special Prosecution Forces*, 547 F.2d 605 (D.C.Cir.1976), requesting a stay of further proceedings. Section 552(a)(6)(C) provides:

> If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.

Exceptional circumstances include when

> an agency ... is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can

show that it "is exercising due diligence" in processing the requests.

*Open America,* 547 F.2d at 616.

The FBI processes FOIA requests on a first-in, first-out basis. The Declaration of Earl E. Pitts explains that the plaintiff's request involves about 1,110 pages of material which must be reviewed by the FBI's Document Classification Appeals and Affidavits Unit. Mr. Pitts estimates that because of the backlog of work in that Unit, it will take about 14 months to complete a classification review of the documents and produce a *Vaughn* affidavit justifying whatever material is withheld from plaintiff. Moreover, the Second Declaration of Angus B. Llewellyn estimates that because of the backlog of nearly 10,000 FOIA requests it will take the FBI another 12 months after the classification review is finished to complete a *Vaughn* index of the remaining materials withheld from plaintiff.

The NSC also processes FOIA requests on a first-in, first-out basis. On July 13, 1989 the Declaration of Steven D. Tilley explained that extraordinary demands had been placed upon the Information Policy Directorate of NSC, and estimated that plaintiff's request for information would not be reached for processing for about 33 months. The Second Declaration of Tilley, however, explains that the backlog of requests pending ahead of plaintiff's has been significantly reduced and estimates that processing will be initiated in less than 12 months.

Accordingly, based on the affidavits, this Court finds that the defendants FBI and NSC have made the requisite showing under *Open America* of exercising due diligence to warrant a stay. *See* 547 F.2d at 615.

Moreover, the plaintiff has made no showing that there is a "genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information." 547 F.2d at 615–16. As the Court provided in *Open America,*

[i]f *any* request for information can be the subject of a court order to the agency to place the request in a priority position, without any showing in court of urgency or exceptional need, then these court-ordered cases will take their places along with those court ordered cases in which genuine urgency and need have been shown.

547 F.2d at 615.

The plaintiff contends that there is good cause to expedite his requests because he is an author who needs the information to meet various publishing and production deadlines. Plaintiff can point to no instance in which a court has determined that an impending publishing or production deadline created the urgency for expedited treatment. In fact, this Court has on prior occasions ruled that production schedules do *not* necessitate expedited treatment. *See Summers v. United States Department of Justice,* 729 F.Supp. 1379 (D.D.C. 1989); *Mangold v. Central Intelligence Agency,* Civil Action No. 88–1826–NHJ (D.D.C. May 3, 1989). An author or publisher cannot set FOIA deadlines by invoking their own production schedules. Simply citing a production schedule is an artificial construct and begs the fundamental question, namely, why the production schedule itself cannot be delayed to accommodate the orderly processing of FOIA requests by the petitioned agencies.

The types of cases in which the requisite urgency has been established involve circumstances where the requester has no opportunity or ability to influence or control the events which have created the urgency. *See, e.g., Cleaver v. Kelley,* 427 F.Supp. 80 (D.D.C.1976) (court found that the plaintiff's need for records to be used in his upcoming criminal trial on murder and assault charges constituted exceptional circumstances requiring expedited processing); *Mayock v. I.N.S.,* 714 F.Supp. 1558 (N.D.Cal.1989) (requester needed the information to avoid deportation). In the instant case any purported urgency is the result only of the author's or publisher's own making, i.e, the establishment of deadlines for writing and publishing the book.

Accordingly, this Court grants the motion of the defendants FBI and NSC for a

stay. In order to ensure that the agencies continue to process plaintiff's requests with due diligence while the stay is in effect this Court requires that the FBI and NSC file regular status reports.

## II. Motion for *Vaughn* Indices

The plaintiff seeks an order directing defendants Army, CIA, FBI, NSC and State to file *Vaughn* indices. 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Since the time that the plaintiff filed its motion the defendants Army and State have filed *Vaughn* indices pursuant to their motions for summary judgment and accordingly plaintiff's motion is moot to that extent.[1] Moreover, the plaintiff's motion is also moot to the extent that it seeks relief against the defendants FBI and NSC in light of the stay.

As to the defendant CIA, however, this Court grants the plaintiff's motion for a *Vaughn* index. The defendant CIA does not contend that it is entitled to a stay of proceedings pursuant to *Open America.* Indeed, on the contrary, in defendants' opposition to plaintiff's motion the CIA represented that "[a] *Vaughn* index will be completed by mid-April, and defendants will file a motion for summary judgment as to the CIA documents by the end of April." Over three months later the defendant CIA still has not filed the promised *Vaughn* index.[2]

It hereby is

ORDERED that defendants' FBI and NSC motion for a stay of proceedings be, and the same hereby is, GRANTED; and it is further

ORDERED that defendants FBI and NSC file status reports with this Court regarding the progress of processing plaintiff's request every 60 days; and it is further

ORDERED that the plaintiff's motion for a *Vaughn* index be, and the same hereby is, DENIED in part and GRANTED in part; and it is further

ORDERED that defendant CIA file, within 20 days of the date of this Order, a *Vaughn* index of the withheld document and portions of documents at issue in this case.

1. The NSA and DIA had already filed their motions for summary judgment and *Vaughn* indexes at the time the instant motion was filed. By this Court's Order of December 13, 1989, plaintiff's responses to the pending motions for summary judgment are not due until such time as his response to the lastly filed dispositive motion in this case is due.

2. The plaintiff also moves this Court to order the defendants NSC and CIA to immediately provide plaintiff with materials that have already been released to Ray Aboud and Roger Bowen who have purportedly made FOIA requests similar to plaintiff's. However, the plaintiff has not demonstrated any injury where he has failed to establish that the CIA and NSC have provided Messrs. Aboud and Bowen with documents which have otherwise been denied to plaintiff. Accordingly, this Court is unclear what relief the plaintiff expects this Court to order in this regard. Indeed, the CIA contends that plaintiff has in fact received all documents responsive to his request which are nonexempt. The NSC contends that although it currently has two pending FOIA requests before it which are similar to plaintiff's, it contends that no material has been released in connection with them and plaintiff's request is meaningless.