■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. SORCE, Appellant. [625 NYS2d 639] —Appeal by the defendant from a judgment of the County Court, Nassau County (Seybert, J.), rendered October 18, 1993, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (four counts), criminal sale of a controlled substance in the second degree, criminally using drug paraphernalia in the second degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Baker, J.), of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

Ordered that the judgment is affirmed.

CPL 30.30 (1) (a) provides that the People must be ready for trial within six months of the commencement of a criminal action in which a felony is charged. In the case at bar, the proceeding against the defendant was commenced on January 10, 1991. The defendant concedes that he executed a waiver of his speedy trial rights covering the period January 10, 1991, through February 8, 1991. Thus, the People were required to be ready for trial on August 8, 1991, a period of 181 days from the commencement of the action. The People did not announce their readiness until October 7, 1991, a period of 240 days. The defendant argues that this entire 240-day period is chargeable to People and thus the indictment must be dismissed. We disagree.

Contrary to the defendant's contention, the 76-day period of time from May 7, 1991, to July 23, 1991, was not chargeable to the People. It was excludable as an "exceptional circumstance" since the codefendant indicated that she wanted to testify before the Grand Jury and her attorney was unavailable (CPL 30.30 [4] [g]; *see also, People v Khan,* 172 AD2d 231; *People v Fluellen,* 160 AD2d 219; *People v LaBounty,* 104 AD2d 202, 203). Excluding this 76-day period, a total of 164 days are chargeable to the People. Accordingly, since the People were required to be ready for trial within 181 days, the defendant's speedy trial rights pursuant to CPL 30.30 were not violated.

We further find that the imposition of a sentence of 15 years to life imprisonment upon the defendant's conviction of criminal sale of a controlled substance in the first degree was not cruel and unusual punishment as applied to this defendant *(see, People v Thompson,* 83 NY2d 477; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). Nor was the defendant denied effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.