Paul OHAEGBU, Plaintiff,

v.

**FEDERAL BUREAU OF
INVESTIGATION,
Defendant.**

Civil Action No. 96–0344.

United States District Court,
District of Columbia.

July 29, 1996.

Paul Ohaegbu, El Reno, OK, pro se.

Darya Geetter, U.S. Attorney's Office,
Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on a
motion for stay of proceedings by the Feder-
al Bureau of Investigation. Plaintiff, who is
proceeding *pro se* in this matter, seeks all
records pertaining to himself from the Fed-
eral Bureau of Investigation (FBI) under the
Freedom of Information Act, 5 U.S.C. § 552
[hereinafter FOIA].

## BACKGROUND

On July 7, 1994 plaintiff submitted a FOIA
request to the FBI for all records pertaining
to him. (Steward Decl. ¶ 3). On August 12,
1994 the FBI notified plaintiff that it had
received his request and that there would be
a delay in processing it. *Id.* at ¶ 5. In
response, the plaintiff wrote to the Depart-
ment of Justice (DOJ) and Office of Informa-
tion and Privacy (OIP), appealing the FBI's
delay in processing his request. *Id.* at ¶ 6.
The OIP informed plaintiff that it could not
take any action on his appeal until the FBI

made an initial determination on his request. Id. ¶ 7. On July 24, 1995 the FBI notified plaintiff that documents responsive to his request had been located, but there would be a two year delay in processing because his request did not meet the requirements for expedited processing. The FBI states that "exceptional circumstances" exist which justify a delay in compliance with the FOIA, and consequently requests a stay of proceedings until July 31, 1997.

## ANALYSIS AND DECISION

■ The issue for this Court to resolve is whether "exceptional circumstances" justify the FBI's motion to stay the proceedings until July 31, 1997 in order to allow it sufficient time to process plaintiff's FOIA request. In support of its request for a stay, the FBI alleges that its resources are extremely limited and that it is seriously strained by the number of requests it receives each year. (Steward Decl. ¶ 19.) It estimates that there are 175 pages of records responsive to plaintiff's request. (Id. at ¶ 23.) Due to the magnitude of the processing task, and the existing backlog of previously filed proceedings, the FBI has instituted a two track system.[1] Plaintiff's request was classified as track one because it involves a limited number of documents requiring limited review. Id. at ¶ 17. Currently, there are 1,810 requests ahead of plaintiff's request. Id. On average, 147 requests have been assigned from track one to the Disclosure Units each month. At this rate, it will take approximately 12 more months—until May 1997—for plaintiff's FOIA request to reach the head of the line plus a few months of processing time.

■ Under the FOIA, agencies must respond to a request for information within ten working days. 5 U.S.C. § 552(a)(6)(A)(i). However, "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."

5 U.S.C. § 552(a)(6)(C); see Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 616 (D.C.Cir.1976) (permitting a stay when agency has limited resources, is faced with requests vastly in excess of that anticipated by Congress, and is exercising due diligence.); see, e.g., Fox v. United States Dep't of Justice, No. 94–4622, slip op. at 6–9, 12 (C.D.Cal. Dec. 14, 1994) (granting six-year stay where FBI had a backlog of 11,828 requests and Congress refused to expand the small staff of FOIA processors). Courts have interpreted this provision to excuse any delays in responding to a request "as long as the agency is making a good faith effort and exercising due diligence in processing the requests on a first-in first-out basis." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1127 (D.D.C.1995).

In view of this two track system and the large volume of documents expected to be responsive to plaintiff's request, this Court finds that the FBI has met the due diligence requirement for a stay. See Lisee v. C.I.A., 741 F.Supp. 988, 989 (D.D.C.1990) (holding FBI's and NSC's processing of requests on a first-in, first-out basis met the "exceptional circumstance" and "due diligence" requirements of the FOIA.) But see Hamlin v. Kelley, 433 F.Supp. 180 (D.C.Ill.1977) (finding that a showing of "an inadequate staff, insufficient funding, or great number of requests" did not amount to "exceptional circumstances" to justify a stay under the FOIA).

■ However, a stay is not appropriate where the request is necessary and urgent. Open Am., 547 F.2d at 616 (emphasis added); The Nation Magazine v. Dep't of State, 805 F.Supp. 68, 73 (D.D.C.1992). The plaintiff bears the burden of "showing a 'genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information.'" Lisee, 741 F.Supp. at 989 (quoting Open Am., 547 F.2d at 615–616 (rejecting "urgent need" argument where plaintiff needed information to meet publishing and production deadlines)). In Open Am., the Court of Appeals warned

1. Under the current system, requests requiring minimal review and consisting of less than one hundred pages are placed in track one. More voluminous and complex requests are placed in track two.

against permitting parties to merely claim that they have an "urgent need." *Open Am.,* 547 F.2d at 615. Plaintiff has merely asserted his need for the requested documents, but has not shown any exceptional need for having his request processed ahead of those in the queue.

## CONCLUSION

Without a showing of "urgent need," plaintiff must wait his turn in having the requested documents processed and disclosed. Accordingly, this Court will dismiss without prejudice the action against the FBI. However, pursuant to 5 U.S.C. § 552(a)(6)(C), this Court will retain jurisdiction while allowing the FBI additional time to complete its review. If the FBI has not responded to plaintiff's request by July 1997, or if some of defendant's backlog subsides, plaintiff may reinstate this action by filing notice with this Court by September 1, 1997. An appropriate Order accompanies this Memorandum Opinion.