Rayful EDMOND, Jr., Plaintiff,

v.

UNITED STATES ATTORNEY,
et al., Defendants.

Civil Action No. 96–2371.

United States District Court,
D. Columbia.

Feb. 27, 1997.

Rayful Edmond, Jr., Petersburg, VA, pro se.

William Mark Nebeker, U.S. Attorney's Office, Washington, DC, for Eric Holder, Jr., Mark E. Nagle.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendants' Motion for Stay of Proceedings and Plaintiff's Motion for *Vaughn* Index[1] and Rule 11 Sanctions. Plaintiff, a prisoner proceeding *pro se* in this matter, seeks all records from the Defendants which "pertain to [him], mention [his] name or refer to [him]" under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA") and the Privacy Act, 5 U.S.C. § 552(a) (the "PA"). Edmond Letter of Dec. 6, 1995. The Court has considered the motions and the opposition thereto.

## BACKGROUND

On August 14, 1992, the Plaintiff filed a request for information with the office of the United States Attorney (the "USAO"). Plaintiff requested all documents pertaining to him from the following agencies: the Drug Enforcement Administration, the Federal Bureau of Investigation, the United States Attorney and the United States Bureau of Prisons. On August 19, 1992, the USAO notified Plaintiff that his FOIA request was "being handled in chronological order based on the date of receipt." Plt. Letter of August 19, 1992, Defendant's Exhibit B.

Plaintiff wrote to the USAO on December 27, 1994, December 6, 1995 and June 19, 1996, seeking information on the status of his request. On each such occasion, the USAO advised Plaintiff in writing that his request would be handled equitably, but that no date

could be given as to when the processing of his request would be complete. Plaintiff filed his complaint in this case on October 15, 1996.

The USAO estimates that the records responsive to Plaintiff's request consist of an estimated 2,000 pages and that there are presently 31 requests ahead of Plaintiff's request. (Butler Decl. ¶ 13.) Due to the magnitude of the processing task, and the existing backlog of previously filed proceedings, the USAO has also instituted a two-tiered system in which requests less voluminous than that of Plaintiff are queued for processing separately from older requests containing greater quantities of information.

Based on the present backlog, the Government states that Plaintiff's request should be reached for processing by January 1999. (Butler Decl. ¶ 14.) The agency claims that "exceptional circumstances" warrant an extension of time until January 31, 1999 and requests a stay of proceedings until that date.

## ANALYSIS AND DECISION

### I. Defendant's Motion for Stay of Proceedings

Under the FOIA, agencies must respond to a request for information within ten (10) working days. 5 U.S.C. § 552(a)(6)(A)(i). However, "[i]f the Government can show *exceptional circumstances* exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C) (emphasis added).

■ The D.C. Circuit has interpreted "exceptional circumstances" to permit a stay of proceedings when the agency has limited resources, is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress," and is exercising "due diligence" in processing the requests. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614–16 (D.C.Cir.

---

1. The case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) established a requirement that agencies, under certain circumstances, prepare "detailed indexes itemizing each item withheld, the [FOIA] exemptions claimed for that item, and the reasons why the exemption applies to that item." 484 F.2d at 820.

1976) (citing 5 U.S.C. § 552(a)(6)(C)); *see also, Kuffel v. United States Bureau of Prisons,* 882 F.Supp. 1116, 1127 (D.D.C.Cir.1995) (delay in processing is acceptable if agency is making a good faith effort and exercising due diligence). The process of handling FOIA requests on a "first-in, first-out" basis, which has been employed by the District of Columbia agencies, has been adopted by the D.C. Circuit as sufficient showing of due diligence. *Id.*

■ However, a stay is not appropriate where the request is *necessary and urgent. See Open Am.,* 547 F.2d at 616 (emphasis added); *Ohaegbu v. FBI,* 936 F.Supp. 7, 8 (D.D.C.1996); *The Nation Magazine v. Department of State,* 805 F.Supp. 68, 73 (D.D.C. 1992). The plaintiff bears the burden of "showing a 'genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information.'" *Lisee v. CIA,* 741 F.Supp. 988, 989 (D.D.C.1990)(quoting *Open Am.,* 547 F.2d at 615–16 (rejecting "urgent need" argument where plaintiff needed information to meet publishing and production deadlines)). In *Open Am.,* the Court of Appeals warned against permitting parties to merely claim that they have an "urgent need." *Open Am.,* 547 F.2d at 615.

In this case, Plaintiff does not argue that the "first-in, first-out" procedure is unfair, but that the inability to process FOIA requests more quickly constitutes a *per se* failure to meet the due diligence requirement.[2] There is no basis in law for such a claim. Courts have uniformly granted the government reasonable periods of time in which to review FOIA requests when there is a back-log. *See, e.g., Fox v. United States Dep't of Justice,* No. 94–4622, slip. op. at 6–9, 12, 1994 WL 923072 (C.D.Cal. Dec. 14, 1994) (granting six-year stay where FBI had a backlog of 11,828 requests and Congress refused to expand the small staff of FOIA processors); *Ferrentino v. Department of Justice,* Civil No. 86–0784, slip op. at 1, (D.D.C. Aug. 1, 1986) (stay of two years granted); *Crooker v. United States Attorney,* Civil No. 83–2100, slip op. at 1 (D.D.C. June 26, 1985) (stay of fourteen months granted).

■ Plaintiff has also failed to establish an "exceptional need or urgency" on his part which would warrant prioritization of his request over others which were filed earlier. In order to demonstrate such urgency, Plaintiff must show potential jeopardy to his life or personal safety, or to substantial due process rights. *See, e.g., Exner v. FBI,* 443 F.Supp. 1349, 1353 (S.D.Cal.1978). Based upon the current record, Plaintiff has not established such urgent need.

■ Plaintiff claims that the requested documents would aid him in overturning his criminal conviction, and therefore release him from his incarcerative status. Plaintiff further asserts that "collateral issues must be addressed by a criminal defendant within one (1) year of the effective date of the [Anti–Terrorism Effective Death Penalty Act, hereafter the 'AEDPA']", and that "time is drawing quickly near for plaintiff's collateral attack on his criminal conviction." Plaintiff is likely referring to the one year period of limitation which applies to motions brought under 28 U.S.C. § 2255, as amended by the AEDPA. However, in accordance

---

**2.** Plaintiff contends that the Defendants failed to exercise due diligence, in part, as a result of their alleged poor planning and management, which included the appointment of only two employees to handle all FOIA requests. Some courts have inquired into the adequacy of the agency's funding and personnel support of FOIA requests when a plaintiff has alleged lack of efficiency or remedial efforts. *See, e.g., Mayock v. Nelson,* 938 F.2d 1006 (9th Cir.1991) (court considered whether agency attempted to increase funding to reduce its backlog); *Narducci v. United States Dep't of Justice,* No. 91–2972, slip op. at 2 (D.D.C. June 16, 1992) (motion to dismiss denied when agency failed to attempt to reduce large backlog by proposing legislation or acquiring additional staff). This Court is not prepared at this time to second-guess decisions by the executive and legislative branches on administrative support and funding for the processing of FOIA requests in the absence of some evidence that the cooperative branches sought to circumvent the law. The record indicates no such evidence in this case.

It may be noted, however, that the Office of the United States Attorney has attempted to remedy the situation by increasing its FOIA staff from one paralegal specialist to a four-person FOIA staff, including two full-time staff members, a Paralegal Specialist and a Paralegal Assistant. (See Butler Decl. ¶ 13).

with the AEDPA, the one year period of limitation would not run until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255(2). Therefore, if Plaintiff is claiming that the government is holding exculpatory material,[3] the one year limitation would not begin until the Plaintiff receives that evidence.

■ Additionally, section 2255(4) provides another caveat to the one year period of limitation. The period of limitation does not begin until "the date on which the facts supporting the claim or claims discovered through the exercise of due diligence." By filing a FOIA request and further filing these proceedings, Plaintiff has demonstrated due diligence in attempting to obtain the materials. Therefore, Plaintiff would not be subject to the period of limitation until after his FOIA request is processed. Consequently, Plaintiff has failed to establish a time sensitive need for the requested materials, which would place him before other preceding requests.[4]

■ In the absence of some other urgency, Plaintiff cannot meet his burden by merely making a naked assertion that the Government is withholding *Brady* material in order to accelerate his FOIA processing. *See Billington v. United States Dep't of Justice,* Civil Action No. 92–462 GHR (D.D.C. July 21, 1992). Plaintiff must provide an "adequate showing" that "it is *likely* that the ... documents [ ]he seeks contain materially exculpatory information." *Id.* Plaintiff has failed to meet that burden, and therefore, has not justified an expedited processing of his FOIA request.

Further, it is well accepted by the District of Columbia Courts that a mere challenge to a conviction which *might* subsequently release prisoner from incarcerative status does not warrant an expedited process. *See Gon-*

*zales v. DEA,* 2 Government Disclosure Serv. (P–H) paras. 81,016, at 81,069 (D.D.C. Oct. 21, 1986); *Antonelli v. FBI,* Civil Action No. 84–1047 (D.D.C. Nov. 13, 1984); *Benny v. Department of Justice,* Civil Action No. 86–1172 (D.D.C.1980). The courts have found that such an allowance "would mandate that the Court grant a large number of requests for expedition filed by federal prisoners," and therefore, such need is not "exceptional." *Antonelli,* Civil Action No. 84–1047.

On the record before it, this Court concludes that the government has demonstrated "extraordinary circumstances" with respect to the processing of Plaintiff's FOIA request. The Court concludes that the Plaintiff does not have an "urgent need" for the requested documents. Plaintiff must wait his turn in having his FOIA request processed in an equitable fashion.

This Court will grant the government additional time to process Plaintiff's request. However, the Government has not satisfied the Court that its' queue of 31 requests before reaching Plaintiff's case will take two years to process. The Court will grant Defendant a one-year delay with an opportunity to seek a further extension if necessary at a later date. The Court will retain jurisdiction while allowing the USAO to complete its review of Plaintiff's FOIA request. If the USAO has not responded to Plaintiff's request by April 1, 1998, Plaintiff may then reinstate this action by filing notice with this Court.

## II. Plaintiff's Motion for Vaughn Index

Plaintiff has filed a motion for a *Vaughn* Index, a description and detailed justification for an agency's nondisclosure of each requested document. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* decision established a requirement for an agency processing FOIA requests to prepare "detailed indexes itemiz-

---

3. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4. In fact, the Court will also note that Plaintiff has previously twice challenged his conviction by collateral attack. The first challenge concluded in a finding that the collateral attack was "frivo-

lous." *See United States v. Rayful Edmond, Jr.,* No. 92–3293, 1993 WL 301138 (D.C.Cir. July, 27, 1993). The second challenge on appeal by Plaintiff resulted in a *sua sponte* summary affirmance. *See United States v. Rayful Edmond, Jr.,* No. 94–3134, 1995 WL 311642 (D.C.Cir. Apr. 24, 1995).

ing each item withheld, the [FOIA] exemptions claimed for that item, and the reasons why the exemption applies to that item." *Lykins v. United States Dep't of Justice,* 725 F.2d 1455, 1463 (D.C.Cir.1984); *see also Vaughn,* 484 F.2d at 820.

Plaintiff's request for a *Vaughn* Index is premature since the government has not yet processed Plaintiff's FOIA request and has not determined the extent of disclosure. It is well settled that *Vaughn* Indexes are generally unavailable until after the agency has decided the extent of disclosure. *See Cohen v. FBI,* 831 F.Supp. 850, 855 (S.D.Fla. 1993) (*Vaughn* Index not required when *Open America* stay granted, as no documents have been processed and no exemptions have been claimed); *SafeCard Servs. v. SEC,* No. 84–3073, slip op. at 3–5 (D.D.C. Apr.21, 1986); *Miscavige v. IRS,* 2 F.3d 366, 369 (1993) ("The plaintiffs early attempt in litigation of this kind to obtain a *Vaughn* Index ... is inappropriate until the government has first had the chance to provide the court with the information necessary to make a decision on the applicable exemptions."). It would make no sense to require the government to produce a *Vaughn* Index before the government has processed Plaintiff's FOIA request.

This Court will deny Plaintiff's motion for a Vaughn Index at this time. The Court will retain jurisdiction while allowing the USAO time to complete its review of Plaintiff's FOIA request. As described above, Plaintiff may renew his motion on or after April 1, 1998.

## III. Plaintiff's Request for Sanctions Pursuant to FRCP 11(b)(1)

Plaintiff requests that the Court sanction Defendant for "having defended and requested the delay of the proceedings until 1999[ ] having already had four and one-half (4 1/2) years to act...." Pl. Mem. for Rule 11 Sanct. Federal Rule of Civil Procedure 11(b)(1) states, in pertinent part,

"By presenting to the court ... a pleading, ... an attorney is certifying that to the

best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... ."

Plaintiff alleges that Defendants' motion for stay of proceedings is so offensive as to necessarily imply a malicious motive. The Court finds no basis for Plaintiff's allegation. The USAO has demonstrated due diligence in processing Plaintiff's FOIA request in the face of a mountain of similar requests. There is certainly no evidence of malice here on the part of the government. In fact, the Court finds that Defendant's request for a stay of proceedings is based upon good faith assessments and due diligent efforts.[5] *See Conn v. Borjorquez,* 967 F.2d 1418–20 (9th Cir.1992) (sanctions inappropriate when motion states an "arguable" claim); *see United States v. Alexander,* 981 F.2d 250, 253 (5th Cir.1993) (sanctions not proper when argument is "plausible").

The Court finds that sanctions against the Defendants pursuant to Rule 11(b)(1) are not warranted and are denied.

## CONCLUSION

The Court finds that the government has demonstrated "exceptional circumstances" which warrant a continued delay in processing Plaintiffs FOIA request and that Plaintiff has not shown an "urgent need" for his request to be processed more expeditiously than other requests. The Government has not demonstrated at this time that it will need the full two-year delay that it seeks. The Court will grant the Government one year to complete its FOIA review. Accordingly, this Court will dismiss without prejudice Plaintiff's action against the government with leave to reinstate by filing notice with the Court within 30 days of April 1, 1998. The Court will retain jurisdiction in this matter. Plaintiff may also renew his motion for a Vaughn Index within 30 days of April 1,

---

5. Defendant asserts several procedural bars to Plaintiff's claims for Rule 11 sanctions. However, for the reasons previously explained, the Court finds that sanctions are not appropriate under the substantive requirements of the Rule.

**6**

1998. Plaintiff's motion for sanctions under Rule 11(b)(1) of the FRCP will be dismissed. An appropriate Order accompanies this Memorandum Opinion.