Joseph SORCE, Petitioner,

v.

Christopher P. ARTUZ, Superintendent Greenhaven Correctional Facility, Respondent.

No. CV99–0608.

United States District Court, E.D. New York.

Nov. 10, 1999.

Stanley A. Teitler, P.C., by Stanley A. Teitler, New York City, for petitioner.

Denis Dillon, Nassau County District Attorney, by Tammy J. Smiley, Daniel T. Butler, Douglas Noll, Assistant Nassau County District Attorneys, Mineola, NY, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Joseph Sorce petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 state court convictions of various drug and weapons charges. For the reasons set forth below, the Petition is dismissed as time-barred.

## BACKGROUND

I. *Time Limitations For Filing a Habeas Petition under AEDPA*

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on the filing of an application for a writ of habeas corpus. The one year period begins to run from the latest of:

- the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, of the applicant was prevented from filing by such State action;

- the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

AEDPA's statute of limitations clearly applies to all convictions that became final after the statute's effective date—April 24, 1996. In cases where a conviction became final before AEDPA's effective date, a petition for habeas corpus was required to be filed by April 24, 1997—one year after the effective date of AEDPA. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998). A conviction becomes "final" for purposes of AEDPA, upon the expiration of the petitioner's direct appeal. This includes expiration of the direct state court appeal as well as expiration of the time in which to seek certiorari from the United States Supreme Court.

Once AEDPA's one year statute of limitations beings to run, the running of the statute may be tolled. Specifically, the time period is tolled during the time when a prisoner's "application for State post-conviction or other collateral relief" is pending. 28 U.S.C. § 2244(d)(2). While the Second Circuit has not ruled on the applicability of the tolling provision of AEDPA in connection with pre-AEDPA convictions, most courts, including this court, have held that prisoners taking advantage of the one-year grace period are also entitled to take advantage of AEDPA's tolling provision during that time period. *See Evans v. Senkowski*, No. 98–4488 (E.D.N.Y. October 12, 1999); *accord Torres v. Miller*, 1999 WL 714349, at *3 (S.D.N.Y. August 27, 1999); *Perez v. Bennett*, 1999 WL 553782 * 1 (S.D.N.Y. July 29, 1999); *Burnie v. People*, 1999 WL 342243 *1 (E.D.N.Y. May 7, 1999).

■ A post-conviction motion is considered to be "pending" for the purposes of AEDPA's toll, from the time the motion is first filed until the time a final decision on the merits is rendered, including the time during which the motion is pending on appeal. *Duncan v. Griener*, 1999 WL 20890 *3 (S.D.N.Y. January 19, 1999);

*Geraci v. Senkowski*, 23 F.Supp.2d 246, 252 (E.D.N.Y.1998).

■ The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. *Torres v. Miller*, 1999 WL 714349 *4 (S.D.N.Y. August 27, 1999). Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired. *Lucidore v. New York State Division of Parole*, 1999 WL 566362 * 4 (S.D.N.Y. August 3, 1999); *Varsos v. Portuondo*, 1999 WL 558147 *3 (S.D.N.Y. July 9, 1999); *Brooks v. Artuz*, 1999 WL 138926 *2 (S.D.N.Y. March 15, 1999); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). To allow a belated state court collateral attack to revive the AEDPA limitations period would defeat the purpose of the AEDPA limit. *Torres v. Miller*, 1999 WL 714349 *4 (S.D.N.Y. August 27, 1999); *Varsos v. Portuondo.* 1999 WL 558147 *3 (S.D.N.Y. July 9, 1999).

■ Habeas corpus relief may be sought in excess of one year of a conviction becoming final if the circumstances set forth in 28 U.S.C. § 2244(d)(1)(B)(C) or (D) are present. Relevant here is that subsection which allows the one year period to begin to run only from the date upon which the factual predicate of a claim could have been discovered by the petitioner. *See* 28 U.S.C. § 2244(d)(1)(D). This provision ensures that habeas relief may be sought even after a conviction has been final for one year, in cases where newly discovered evidence supports petitioner's claim. In such cases, the one year period begins to run from the date upon which the factual predicate could have been discovered though the exercise of due diligence. Section 2244(d)(1)(D), while allowing the statute to run anew upon the discovery of new evidence, "does not convey a statutory right to an extended delay

... while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim." *Lucidore v. New York State Division of Parole*, 1999 WL 566362 * 5 (S.D.N.Y. August 3, 1999), quoting, *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

## II. *Procedural Background: State Court Conviction and Proceedings*

Sorce was convicted in Nassau County on October 18, 1993. He was sentenced on October 28, 1993 to a term of imprisonment of fifteen years to life. On appeal to the Appellate Division of the Supreme Court, Sorce argued a deprivation of his speedy trial rights, that the introduction of "other crimes" evidence deprived him of his right to a fair trial, ineffective assistance of trial counsel, a deprivation of his right to confrontation (stemming from an alleged curtailment of cross-examination) and, finally, that the imposition of the mandatory minimum sentence constituted cruel and unusual punishment.

Sorce's conviction was affirmed by the Appellate Division of New York's Supreme Court in an opinion dated April 24, 1995. That court held that there was no speedy trial violation, that Sorce had received effective assistance of counsel and that the sentence imposed did not constitute cruel and unusual punishment. *See People v. Sorce*, 214 A.D.2d 756, 756–57, 625 N.Y.S.2d 639 (2d Dep't 1995). The Appellate Division further held that Sorce's remaining contentions were either unpreserved for appellate review or without merit. *Id.*

Sorce's petition for leave to appeal to the New York Court of Appeals was denied on June 28, 1995, *People v. Sorce*, 86 N.Y.2d 741, 631 N.Y.S.2d 622, 655 N.E.2d 719 (1995), and, again, on reconsideration, on September 9, 1996, *People v. Sorce*, 88 N.Y.2d 1024, 651 N.Y.S.2d 23, 673 N.E.2d 1250 (1996). The time in which Sorce had to directly appeal his conviction to the United States Supreme Court ran ninety days later, on December 8, 1996.

Sorce petitioned the Appellate Division for a writ of error coram nobis on September 24, 1996. The petition alleged ineffective assistance of appellate counsel. Specifically, it was argued that appellate counsel should have raised the issue of the voluntary nature of Sorce's confession and that the failure of the trial court to give a "missing witness" charge deprived Sorce of a fair trial. On December 9, 1996, the Appellate Division denied Sorce's coram nobis petition.

Sorce did not move again for state court post-conviction relief until August 20, 1998. On that date, he moved, pursuant to N.Y.C.P.L. § 440.10 ("Section 440"), to have the state trial judge vacate his conviction. The Section 440 motion sought to have Sorce's conviction vacated on speedy trial grounds. In support of the motion, Sorce relied on what he referred to as newly discovered evidence. Sorce argued that newly discovered evidence proved that false testimony had been presented at his speedy trial hearing which led to the denial of Sorce's request for dismissal under the New York speedy trial statute. *See* N.Y.C.P.L. § 30.30.

In support of his Section 440 motion, Sorce relied upon the alleged falsity of an Affirmation of Actual Engagement, sworn to by his co-defendant's counsel, attorney Benedict Gullo (the "Gullo Affirmation"). The Gullo Affirmation was referred to at Sorce's 1992 speedy trial hearing and recited that Gullo was actually engaged in handling a murder case as of May 7, 1991. The state judge deciding Sorce's speedy trial motion noted Gullo's actual engagement from May 7, 1991 until July 23, 1991 and held that this period of time constituted an extraordinary circumstance, not chargeable to the People, and denied Sorce's speedy trial motion. This holding was later affirmed by the Appellate Division on Sorce's direct appeal.

In the context of his 1998 Section 440 motion Sorce alleged that the Gullo Affirmation was false because newly discovered

documents revealed that the murder case to which the affirmation referred did not actually commence until May 28, 1991. Sorce argued that it was not until 1998 that he was able to gather the facts necessary to support his claim that the facts presented at his speedy trial hearing were false.

Opposing Sorce's motion, the District Attorney pointed out that Sorce's "newly discovered" evidence consisted of materials available to Sorce since 1992, at the very latest. The newspaper articles stating the date that the murder trial began were available in 1991 and the Gullo affidavit was presented and marked as an exhibit at the 1992 speedy trial hearing. It was further noted that the newspaper article could not be relied upon as evidence that trial started on a particular day. While opening statements may have taken place on May 28, 1991, it was entirely possible that pretrial proceedings, including jury selection, took place prior to that date. In view of the fact that these items were neither newly discovered evidence nor evidence that would have likely made a difference at the speedy trial hearing, the District Attorney argued that the Section 440 motion should be denied. The trial court agreed and denied the Section 440 motion on September 21, 1998. That court denied reargument of the motion on October 15, 1998. The Appellate Division thereafter denied leave to appeal the decision on the motion on November 17, 1998.

### III. *1996 Habeas Proceeding*

At the same time that Sorce's September 1996 coram nobis petition was pending in the state court, Sorce also had pending a federal petition for habeas corpus in this court. That petition was filed on November 15, 1996. Shortly after the filing of the habeas petition, this court entered an order dated December 5, 1996, noting the pending state court coram nobis application and dismissing the habeas petition. The order granted Sorce the right to restore his habeas proceeding to this court's calendar within thirty days of the state court decision on the coram nobis application. The order further provided that if restoration of the petition was not sought within the thirty day period, the case would remain closed.

As noted, the state court denied Sorce's coram nobis application on December 9, 1996. Sorce, however, never sought to have his 1996 habeas case reopened. In a letter dated May 9, 1997, counsel for respondent in the first habeas proceeding noted Sorce's failure to comply with this court's order and requested that the 1996 habeas proceeding be finally closed. The 1996 habeas proceeding has therefore remained closed. Because Sorce never sought to comply with this court's order regarding re-opening of his 1996 habeas petition, the pendency of that action is of no consequence to the question of the timeliness of the present petition.

### IV. *The Present Petition*

The present petition for habeas corpus relief was filed on January 17, 1999.

### V. *The Timeliness of the Present Petition*

#### A. *Timeliness Under The One Year Post–Conviction Rule*

Although Sorce was convicted in New York State Court prior to the effective date of AEDPA, the direct appeal of his conviction was completed on December 8, 1996, when the time ran in which he could seek review from the United States Supreme Court. Thus, his conviction did not become final, for the purpose of the statute, until after the April 1996 effective date. Thus, the one year period in which Sorce had to move for habeas relief in federal court began to run on December 8, 1996.

When the one year statute began to run, however, Sorce's September 1996 state court petition for a writ of error coram nobis was pending. The pending of this request for post-conviction relief kept the

AEDPA limitations period from beginning to run until the state court reached its decision on December 9, 1996. *See* 28 U.S.C. § 2244(d)(2). The one year period in which to seek habeas relief therefore began to run on December 9, 1996, and would run one year later, if not otherwise tolled, on December 9, 1997.

Sorce filed the present petition for habeas corpus relief on January 17, 1999. Because there was no post-conviction activity pending to toll the AEDPA statute of limitations at any time between December 9, 1996 and December 9, 1997, the time period ran completely prior to the filing of the present petition for habeas corpus relief in January of 1999.

■ Aside from the 1996 coram nobis application, the only state court post conviction relief engaged in after the AEDPA statute began to run on December 9, 1996 was the Section 440 motion, which was filed on August 20, 1998. Because this filing did not take place until after the running of the one year AEDPA statute on December 9, 1997, it is of no consequence to the timeliness issue. *Accord Varsos v. Portuondo*, 1999 WL 558147 *3 (S.D.N.Y. July 9, 1999) (AEDPA time period is not extended by coram nobis application filed after running of statute of limitations); *Brooks v. Artuz*, 1999 WL 138926 *3 (S.D.N.Y. March 15, 1999) (state court motion filed after running of AEDPA statute of limitations is irrelevant to timeliness of petition); *see also Perez v. Bennett*, 1999 WL 553782 * 2n. 1 (S.D.N.Y. July 29, 1999) (dismissing second habeas petition as untimely where previous habeas petition was dismissed for failure to exhaust state court remedies nearly two years earlier and petitioner had not engaged in post-conviction motion practice for a period of two years). As noted above, state court post conviction activity can only serve to toll the statute, it cannot serve to revive an period that has already run. *See Lucidore v. New York State Division of Parole*, 1999 WL 566362 * 4 (S.D.N.Y. August 3, 1999); *Brooks v. Artuz*, 1999 WL 138926, at *2

(S.D.N.Y. March 15, 1999); *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

■ The pendency of the 1996 habeas petition is also of no consequence. First, it is not at all clear whether the filing of a premature petition for habeas corpus relief has any effect on the AEDPA statute of limitations. *Compare Sperling v. White*, 30 F.Supp.2d 1246 (C.D.Cal.1998) and *Harrison v. Galaza*, 1999 WL 58594 (N.D.Cal. February 4, 1999) (holding that pending habeas petition has no effect on running of AEDPA statute) *with Barrett v. Yearwood*, 1999 WL 676220 (E.D.Cal. September 1, 1999) (habeas petition tolls running of AEDPA statute of limitations); *see also Perez v. Bennett*, 1999 WL 553782 (S.D.N.Y. July 29, 1999) (untimely habeas petition does not relate back to filing date of prior habeas petition for purposes of AEDPA statute of limitations). Even if it did, however, it would not matter here because the habeas petition was pending at the same time as the coram nobis application. Since the coram nobis application tolled the running of the AEDPA time period and was decided after the habeas proceeding was dismissed, the habeas proceeding could not have had any effect on the running of the AEDPA statute of limitations.

■ As a final argument seeking to toll the AEDPA statue of limitations, Sorce argues that numerous state court Freedom of Information Law requests should toll the running of the statute of limitations. This court disagrees. First, the court cannot agree that requests for documents constitute "[s]tate court post-conviction or other collateral review with respect to the judgment or claim" within the meaning of AEDPA's toll. Plainly, a request for documents is not a review of the pertinent judgment or claim. The reason AEDPA is tolled during state court post-conviction relief is to encourage the swift exhaustion of state court remedies and to allow the state courts to address constitutional is-

sues in the first instance. There is literally no limit to the number of Freedom of Information Law requests that a state prisoner could make after his conviction. Allowing a toll during the pendency of these requests could toll the AEDPA time period indefinitely. Put simply, it would be inconsistent with AEDPA's limitation period to allow endless requests for information to toll the statute of limitations.

In support of the claim that his numerous requests for information toll the AEDPA statute, Sorce relies upon *Edmond v. United States Attorney,* 959 F.Supp. 1 (D.D.C.1997). *Edmond* in no way supports Sorce's blanket assertion of a toll. Indeed, the case nowhere refers to the section of AEDPA that provides for a toll. Instead, *Edmond* stands for the wholly unremarkable proposition that AEDPA's time period does not begin to run, in cases of newly discovered evidence, until the time when the petitioner should have discovered the facts supporting his claim. Where a request for documents reveals new information relevant to a petitioner's claim no toll is necessary for a habeas petition to be timely. Instead, as discussed below, it is the possession of the relevant evidence that starts the running of the statute anew.

## B. *Timeliness Under the Newly Discovered Evidence Rule*

■ Having determined that Sorce's petition is untimely under the rule requiring that a petition be filed within one year of the date upon which a conviction becomes final, the court turns to consider whether Sorce's petition may be deemed timely under 28 U.S.C. § 2244(d)(1)(D), the "newly discovered evidence" provision of the statute. As noted, this section of AEDPA allows the one year period to begin to run from the date upon which the factual predicate for petitioner's claim could have been discovered though the exercise of due diligence.

Sorce makes the bald and unsupported claim that facts surrounding the true coop-

eration of his co-defendant could not have been known until "now," therefore, his petition must be deemed timely. Despite this assertion, Sorce fails to set forth any explanation as to why the notion regarding his co-defendant has only now come to light. There has been no reference to the recent discovery of any particular document to support the claim of newly acquired knowledge. Indeed, a review of the state court proceedings belies the assertion that the cooperation of Sorce's co-defendant is recently discovered. The state court record reveals that Sorce must have known of his co-defendant's cooperation from as early as 1992.

It appears that Sorce's only claim of newly discovered evidence relies upon the same evidence submitted in support of his 1998 Section 440 motion—the Gullo Affirmation and the 1991 newspaper articles. For the same reasons held by the state court, the court holds that this information cannot possibly be considered as "newly discovered" so as to start the running of the statute of limitations as of the date when Sorce came into possession of the documents. The Gullo Affirmation was marked at the 1992 speedy trial hearing and the newspaper articles were obviously available in 1991. Because no document obtained through Sorce's Freedom of Information Law litigation constitutes evidence that could not have been earlier obtained through the exercise of due diligence, the date upon which these documents came into Sorce's possession has no effect on the AEDPA statute of limitations. Accordingly, the court adheres to the holding that the present petition is untimely.

## C. *"Inherent Power"*

Sorce's final argument seeking to avoid dismissal of his petition as untimely is that this court has the inherent power to consider the merits of the petition, notwithstanding the running of the AEDPA statute of limitations. While the court is not at all convinced that it possesses the power

asserted, the court has reviewed the papers submitted on the merits of this claim and holds that, in any event, this would not be a proper case to ignore the statute of limitations.

 As noted, Sorce's present arguments are based upon the notion that his co-defendant's status as a government informant, was concealed from him until only recently. The 1992 state court record, however, is replete with references to the cooperation of Sorce's co-defendant. Put simply, there are neither facts nor law present in this case that would convince this court to even consider whether the AEDPA statute of limitations should be ignored.

Nor does the court find this case to be a proper situation to apply equitable tolling to the AEDPA statute of limitations. Equitable tolling applies only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Torres v. Miller,* 1999 WL 714349 *6 (S.D.N.Y. August 27, 1999), quoting, *Calderon v. United States Dist. Ct.,* 128 F.3d 1283, 1288 (9th Cir.1997); *see also Burgos v. Greiner,* 1999 WL 551229 *3 (E.D.N.Y. June 21, 1999) (equitable tolling can be applied to AEDPA time period only if "party was prevented in some extraordinary way from exercising his rights"). The burden lays with petitioner to establish the entitlement to equitable tolling. Courts should "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Torres v. Miller,* 1999 WL 714349 *6 (S.D.N.Y. August 27, 1999), quoting, *Calderon v. United States Dist. Ct.,* 128 F.3d 1283, 1288 (9th Cir.1997). Petitioner has alleged no facts that would justify an equitable tolling of the AEDPA statute of limitations.

## CONCLUSION

For the foregoing reasons, Sorce's petition for a writ of habeas corpus is dismissed as time-barred. In view of the court's ruling and consideration of all materials submitted both by Petitioner and his counsel, Sorce's *pro se* motion to amend his petition is denied as moot. The Clerk of the Court is directed to close the file in this case.

SO ORDERED